## HAMILTON v. PERRY.

### No. 5162.

Court of Civil Appeals of Texas. Texarkana.

Oct. 21, 1937.

Thompson, Knight, Baker & Harris and Sol Goodell, all of Dallas, for appellant.

Florence & Florence, of Gilmer, for appellee.

WILLIAMS, Justice.

Appellant, Hamilton, defendant below, appeals from a judgment rendered against him growing out of an automobile collision in which the appellee, Perry, plaintiff below, sustained personal injuries. Appellee being at the time a guest passenger in the automobile owned and operated by appellant, his legal right of recovery rests upon the provisions of article 6701b, § 1, Vernon's Ann.Civ.St., which reads as follows: "No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others."

At the close of the testimony the defendant requested the court to peremptorily instruct the jury to return a verdict for the defendant.

Defendant's coupé, traveling in a southerly direction, collided with an automobile going in a northerly direction operated by one John Hargraves. The collision occur-

red on the east side of a rural road between 24 and 26 feet wide, at a point either on or just south of a 12½ degree curve. Plaintiff testified that the collision occurred at a point 50 feet south of the south end of this curve. A surveyor, plaintiff's witness, from actual measurement placed the collision about 20 feet north of the south end of the curve; located a knoll at 60 feet south of the north end of the curve; and measured the length of curve to be 250 feet. In rounding this curve defendant pulled his car to the inside and to the east side of the road and was so traveling when he discovered the approach of Hargraves' car from the south. Defendant and plaintiff both testified the cars were from 20 to 30 feet apart when they discovered Hargraves' car approaching. It was then that appellant attempted to get back on his side of the road. Skid marks were visible at the scene of the collision. This accident occurred on a road which was dry, in the early afternoon while the sun was shining. The jury answered that defendant was driving 35 miles per hour immediately prior to the accident. No contention was made, either in pleadings or evidence, that defendant had operated his car upon the wrong side of the road until he proceeded to go around the curve. Plaintiff testified that he occupied a seat beside defendant; had traveled for several miles as a nonpaying guest from Gilmer, Tex., to his farm home; that he made no complaint about how defendant was driving before the accident; and that he did not have any complaint to make as to how Dr. Hamilton was driving prior to the time they went on to the curve. At the time of the collision Hargraves' car was on his right-hand side of the road, a part of his car being off the road and on the grass.

Our Texas statute was first construed by the Tennessee Court of Appeals in Fly v. Swink, 17 Tenn.App. 627, 69 S.W. (2d) 902, in a very exhaustive opinion which adopted the interpretation that the Supreme Court of Errors of Connecticut placed on an identical statute prior to its enactment in Texas. The construction placed upon this statute by the Tennessee court and the Connecticut courts has been adopted and approved by the courts of Texas in Napier v. Mooneyham (Tex.Civ. App.) 94 S.W.(2d) 564; Aycock v. Green (Tex.Civ.App.) 94 S.W.(2d) 894; Crosby v. Strain (Tex.Civ.App.) 99 S.W.(2d) 659; Pfeiffer v. Green (Tex.Civ.App.) 102 S.W. (2d) 1077; Glassman v. Feldman (Tex.Civ. App.) 106 S.W.(2d) 721. From this unbroken line of decisions, it is now the settled law of this state that momentary thoughtlessness, inadvertence, or error of judgment do not constitute "heedlessness or reckless disregard of the rights of others" within the meaning of this statute; there must be something in the nature of a continued or persistent course of action; such acts as to constitute wanton misconduct or gross negligence.

The Legislature, by the passage of this act, intended to relieve those to whom it applies from liability for damages to a guest who does not pay for transportation. By two exceptions it preserves from the general exemption two classes of causes of action, namely, those involving willful misconduct, and those involving wanton misconduct. Napier v. Mooneyham, supra; Fly v. Swink, supra; Crosby v. Strain, supra; Paschall v. Gulf, C. & S. F. Ry. Co. (Tex.Civ.App.) 100 S.W.(2d) 183.

As no contention is made that the accident was intentional on the part of the defendant, the judgment for plaintiff must be supported, if at all, upon evidence that his injuries were the proximate result of such acts and conduct of the defendant as could properly be construed as his "heedlessness" and his "reckless disregard of the rights of others," that is, such acts and conduct as to constitute wanton misconduct or gross negligence. After a careful consideration, viewing all the evidence in the most favorable aspect for the plaintiff, the acts and conduct of defendant on this occasion are not sufficient to convict defendant of that character of "heedlessness and reckless disregard of the rights of others," that is, gross negligence or wanton misconduct as contemplated by this "guest" statute. Conceding to plaintiff every possible inference arising from the testimony, nothing more is shown than ordinary negligence. The acts of defendant here reflect momentary thoughtlessness, inadvertence, or error of judgment, not acts in the nature of a continued or persistent course of action.

We are of the opinion that the trial judge should have sustained the defendant's motion for a directed verdict at the close of all the evidence, and therefore this cause is reversed and rendered for the defendant.