### McCARTY v. MOSS et al.

No. 9829.

Court of Civil Appeals of Texas. Austin.

Nov. 30, 1949.

Rehearing Denied Jan. 4, 1950.

David L. Tisinger, W. J. Hodge, both of Austin, for appellant.

Hart, Brown & Sparks, of Austin, for appellees.

ARCHER, Chief Justice.

This appeal is from a judgment entered upon a verdict instructed in favor of the defendants.

Appellant, William Lee McCarty, was plaintiff in the court below. He brought this action against the defendants, L. L. Moss and Rex Neill, for damages for injuries. These injuries were sustained when an automobile belonging to the defendant Moss collided with other traffic. At the time of the collision the automobile was being driven by the defendant Neill and was occupied also by McCarty and Moss, who were riding with Neill.

The plaintiff claims that he was riding in such automobile as a passenger, rather than as a guest of either of the defendants, and that he is, therefore, entitled to recover for ordinary negligence on the part of the defendants. In the alternative, he claims that even if he were riding in such automobile as a guest of the defendants, or either of them, within the meaning of art. 6701b, Vernon's Ann. Civ. St., he is, nevertheless, entitled to recover because the defendants were guilty of that character of negligence which is expressly excepted from the operation of this statute.

Appellees, Moss and Neill, on the other hand, claim that McCarty was a guest, within the meaning of the statute, who is not entitled to recover because the collision was caused only by ordinary negligence on the part of the defendants.

At the close of plaintiff's evidence in the trial court, the defendants moved the court for an instructed verdict on the grounds that the plaintiff, McCarty, had failed to show that he was not a guest, and that he had similarly failed to show that the collision was caused by the character of conduct on the part of the defendant required by art. 6701b for recovery by a guest against the owner or operator of an automobile. This motion was granted by the trial court.

This case is before us on three points of error:

Assignment No. 1 is directed to the error of the court in instructing a verdict for the defendants, because the question of whether the collision was proximately and directly caused by the gross negligence of the defendants, or either of them, was a fact issue; and by his second point com-

plaint is made of the error of the court in instructing a verdict for defendants, when the question of whether plaintiff was a guest of the defendants so that his recovery is governed by art. 6701b, V.A.C.S., remained a fact issue, and the question of whether the collision was directly and proximately caused by the negligence of the defendants remained a fact issue; and by his third assignment appellant complains of the error of instructing a verdict for the defendants, when the question of whether plaintiff was a guest of the defendant Neill remained a fact issue, and the question of whether the collision was directly and proximately caused by the negligence of the defendant Neill remained a fact issue.

All three parties to this action were riding together, in the front seat of a 1940 LaSalle coupe owned by appellee Moss and driven by appellee Neill, at the time said automobile collided with one or more other vehicles, with resulting injury to appellant.

As here applicable, art 6701b, V.A.C.S. of Texas, hereinafter referred to as the Guest Statute, provides: "No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of othes."

In view of the above facts and the Guest Statute, the court was confronted with four questions at the time appellees' motion for summary judgment was presented in the trial below:

1. Was appellant being transported as Moss' guest, without payment for such transportation?

2. Was appellant being transported as Neill's guest, without payment for such transportation? ·

3. Was the accident caused by Moss' heedlessness or his reckless disregard of the rights of others?

4. Was the accident caused by Neill's heedlessness or his reckless disregard of the rights of others?

In granting appellees' motion, the trial court necessarily found, as a matter of law, first, that as to both Moss and Neill the appellant was being transported as a guest without payment for such transportation, and, second, that neither Moss nor Neill was guilty of any act of heedlessness or reckless disregard of the rights of others which caused the accident. We recognize that in an appeal from an instructed verdict every reasonable inference must be resolved in favor of appellant.

Appellant testified that the accident occurred on South Congress Avenue, in Austin, Texas; this street is 60 feet wide and is divided into three driving lanes both north and south. Appellant further testified that he left the Dixie Grill in an automobile owned by Moss and driven by Neill, all riding in the front seat, McCarty in the middle; that Neill drove south at a speed of between 30 and 40 miles per hour; that at a point near the theater the speed was reduced and Neill turned across the center line to the left-hand side of the street, and a little later Neill tried to go in between two approaching cars and clipped the right fender of one, a Buick, with his right front fender, and collided with the DeSoto, and appellant received the purported injuries for which he sued.

McCarty never complained to either Moss or Neill about the speed or manner in which the car was being driven.

Appellant does not testify to any acts of reckless or heedless disregard of his rights by the defendants, or of gross negligence as would authorize a recovery by him under our Guest Statute.

In Linn v. Nored, Tex.Civ.App., 133 S.W.2d 234, 237, error dismissed, the court announced the classic interpretation of the law in Texas, as follows:

"* * * (under our guest statute) the host is not liable for injury to the guest, except where caused by his heedless or his reckless disregard of the rights of others;

or, as our courts have construed those terms, where he is guilty of gross negligence as that term has been defined by our courts. * * * And before one may recover under the guest statute he must show that the host's 'heedlessness or reckless disregard of the rights of others' was such as to show the entire want of care, sufficient to raise the belief or presumption that the act of negligence complained of was the result of conscious indifference to rights, welfare, safety of the person affected, or such a persistent course of action as will constitute gross negligence. * * *

"The cases have construed our guest statute with regard to the liability of the host for operating his automobile at high and excessive rate of speed, and have held that the mere fact that an automobile was operated at a high and excessive rate of speed only raised the issue of ordinary negligence. * * * They have also held that thoughtlessness, inadvertence, or error in judgment did not constitute heedless or reckless disregard of the rights of others within the meaning of the statute; and there must be something of a continued or persistent course of action in order to constitute heedless and reckless disregard of the rights of others or gross negligence."

See Wood v. Orts, Tex.Civ.App., 182 S.W.2d 139, and cases cited therein.

In the case of Aycock v. Green, Tex. Civ.App., 94 S.W.2d 894, 898, error dismissed, the court said:

"* * * By that last movement, by that slight miscalculation of distance, the grievous tragedy was accomplished. Was the immediate act, of cutting the car back to its rightful path a second too soon, a piece of 'ordinary negligence,' as that term is universally considered, or did it show, affirmatively—as it must have been shown to be actionable under the statute—that it was done by the driver of the ill-fated car (whether guest or owner) intentionally, wantonly, or in heedless disregard of the lives of his congenial, convivial companions?

"We have concluded that the evidence * * * was not sufficient to show, affirmatively, that the negligent act which caused the accident was 'intentional on the part of the operator of the car,' or was attributable to 'his heedlessness or his reckless disregard of the rights of others,' within the contemplation of the guest statute. The trial court therefore, we conclude, did not abuse his discretion in directing a verdict for appellee."

Then in Pfeiffer v. Green, Tex.Civ.App., 102 S.W.2d 1077, 1085: "* * * we are forced to the conclusion that the (guests) failed to make out a case of gross negligence against (the driver)."

In Hamilton v. Perry, Tex.Civ.App., 109 S.W.2d 1142, 1143, the court held:

"Conceding to plaintiff every possible inference arising from the testimony, nothing more is shown than ordinary negligence. The acts of defendant here reflect momentary thoughtlessness, inadvertence, or error of judgment, not acts in the nature of a continued or persistent course of action. * * *

"* * * From (an) unbroken line of decisions, it is now the settled law of this state that momentary thoughtlessness, inadvertence, or error of judgment do not constitute 'heedlessness or reckless disregard of the rights of others' within the meaning of this statute; there must be something in the nature of a continued or persistent course of action; such acts as to constitute wanton misconduct or gross negligence. * * *

"We are of the opinion that the trial judge should have sustained defendant's motion for a directed verdict at the close of all the evidence, and therefore this cause is reversed and rendered for the defendant."

■ We overrule appellant's first assignment, because as a matter of law he failed to establish that either Moss or Neill was guilty of any act of heedlessness or reckless disregard of his rights which caused the accident.

■ We overrule appellant's second point, because he failed to establish that he was not being transported as Moss' guest without payment for such transportation, as a matter of law.

Plaintiff testified that he rented a room from the lessee of a motel owned by Moss, that he knew Moss, that he ate some of his meals at the Steak House, operated by a Mr. Swope, which was owned by Moss. Appellant further testified that he went to the Dixie Grill, and at Moss' invitation started to his room, in Moss' car with Neill driving; that he never paid for such transportation, and that it was a favor to him to ride; that the offer of Moss to take appellant home was a gratuitous act; that all parties were friendly. "The right of the plaintiff to recover may depend on the showing as to whether his status, within the purview of the statute, was that of a 'guest.' Having been a guest at the time of the injurious occurrence, the victim's right to recover is governed by the provisions of the guest statute." 2 Tex.Jur., 10-Yr.Supp., 264.

Hamilton v. Perry, Tex.Civ.App., 109 S.W.2d 1142; Pfeiffer v. Green, Tex.Civ. App., 102 S.W.2d 1077.

In the case of Elkins v. Foster, Tex.Civ. App., 101 S.W.2d 294, there was a direct and tangible financial assistance to defendant.

■ In Raub v. Rowe, Tex.Civ.App., 119 S.W.2d 190, 193, the court said:

"In McCann v. Hoffman, supra, the Supreme Court of California said ([9 Cal.2d 279], 70 P.2d [903, at] page 912):

" '* * * It is obvious that if a different result obtains under any construction of the statute its purposes would be defeated and its effect annulled. The relationships which will give rise to the status of a passenger must confer a benefit of a tangible nature and are limited. * * * Therefore, where a special tangible benefit to the defendant was the motivating influence for furnishing the transportation, compensation may be said to have been given. But it is not given where the main purpose of the trip is the joint pleasure of the participants. The payment of a portion of the expense, as for gasoline and oil consumed on the trip, is merely incidental and does not constitute the moving influence for the transportation. The provocation for the offer of transportation remains the joint social one of reciprocal hospitality or pleasure.'

"It seems to us the rulings and opinions in the cases above cited are sound. We, therefore, hold the plaintiff was the defendant's guest without payment for her transportation. * * *"

■ In Lind v. Nored, supra, it is said: "As used in the statute the term 'guest' has its general and common understanding, and means that one is a guest who is the recipient of the voluntary hospitality of the owner or operator of the automobile."

We overrule appellant's third assignment of error of the court in instructing a verdict for defendant when the question whether the plaintiff was a guest of Neill, so that his recovery, if any, is governed by art. 6701b, V.A.C.S., remained a fact issue, and the question whether the collision was directly and proximately caused by the negligence of the defendant Neill remained a fact issue.

■ While we have examined the photograph of a blackboard, brought forward under a bill of exception, there was no error in the court's action in refusing to allow the photograph to be sent up. The blackboard, although used to interrogate witnesses, was never introduced in evidence. Triangle Cab Co. v. Taylor, 144 Tex. 568, 192 S.W.2d 143.

The judgment of the trial court is affirmed.

Affirmed.