ETHEL MAE FANCHER V. ROY LYLE CADWELL.

No. A-6748. Decided June 4, 1958.
Rehearing Overruled July 23, 1958.
(314 S.W. 2d Series 820)

*Kouri & Banner,* and *Jack G. Banner,* of Wichita Falls, for petitioner.

The Court of Civil Appeals erred in its application of the law to the case at bar. Burt v. Lochausen, 151 Texas 289, 249 S.W. 2d 194; Rowan v. Allen, 134 Texas 215, 134 S.W. 2d 1022; Bowen v. Puckett, 144 Texas 125, 188 S.W. 2d 571.

*Jones, Parrish & Fillmore,* and *Harold Jones,* of Wichita Falls, for respondent.

Cited, Rogers v. Blake, 150 Texas 373, 240 S.W. 2d 1001; McCarty v. Moss, 225 S.W. 2d 883, writ refused; Fly v. Swink, 17 Tenn. 627, 69 S.W. 2d 902.

MR. JUSTICE SMITH delivered the opinion of the Court.

This is a "guest statute" case brought by the petitioner, Ethel Mae Fancher, against respondent, Roy Lyle Cadwell, for damages for personal injuries sustained when an automobile in which she was riding as respondent's guest, and which was being driven by respondent, was involved in a collision with another automobile. The petitioner alleges acts of gross negligence all in violation of Article 6701b, Section 1, Vernon's Annotated Civil Statutes of Texas. On the date of the collision, Cadwell drove his automobile to a residence where petitioner was employed as a babysitter. Cadwell arrived at this residence at ap-

proximately 11:00 p.m. The residence was located fifty to one hundred feet north of a four-lane highway, known as the Iowa Park Highway. At the point of the collision the highway ran east and west and was divided in the middle by a six-foot gravel esplanade. Cadwell drove his automobile into the private driveway leading to the residence and "honked" the car's horn for Ethel Mae Fancher, the petitioner. He left the motor of the car running but turned off its headlights. Petitioner came to the car and asked Cadwell for a fountain pen so that her employer could write a check, and returned to the residence without entering the automobile. Petitioner, upon returning to the car, seated herself in the front seat and to the right of the respondent. Cadwell immediately backed out of the private driveway and onto the north side of the divided highway, with the lights of the automobile still turned off. Respondent admitted that as soon as he backed out he stopped the car momentarily to change gear, and that while his car was thus stopped on the gravel portion of the highway, he saw the car approaching at a speed estimated by him to be seventy or seventy-five miles per hour. The facts show that in spite of the close proximity of the oncoming car, the respondent changed the gear of his car and proceeded to drive without lights out into the four-lane highway and diagonally down the lanes of traffic reserved for west-bound traffic in an easterly direction and directly into the path of the automobile which he had observed approaching as heretofore indicated. Petitioner contends that the collision between the two automobiles took place within from two to three minutes of the time petitioner first entered the respondent's automobile. Respondent contends that only about a minute and a half of time elapsed. We shall discuss this time element later in this opinion.

The cause was tried to the court with the aid of a jury. The trial court instructed the jury as to the degree of negligence required in order to convict the respondent Cadwell of gross negligence. In response to special issues the jury found that Cadwell drove onto the highway without yielding the right-of-way to approaching vehicles, and that such conduct was gross negligence and a proximate cause; that he drove his car onto the highway when another car was approaching so closely as to be an immediate hazard, and such was gross negligence and a proximate cause. Petitioner's damages were assessed at $7500. Thereafter, respondent filed a motion for judgment non obstante veredicto. The motion was based on the contention that the pleadings and uncontradicted evidence established that the respondent was "guilty of no more than momentary thoughtless [ness], inadvertence or error of judgment and that such

actions do not constitute heedlessness or reckless disregard of the rights of others within the meaning of the Texas Guest Statute, Article 6701b of the Revised Civil Statute and that such evidence does not show any conduct in the nature of a continued or persistent course of action; that because of such pleadings and the undisputed and uncontradicted evidence no issue of fact was raised for submission to the jury * * *." The trial court sustained the motion and entered judgment for the respondent. The judgment recited that the evidence raised no issue of fact and that a directed verdict for the respondent would have been proper. Petitioner then requested the court to file findings of fact and conclusions of law and in response to such request, the trial court, among other findings, found that the accident in question occurred not more than two to three minutes after the petitioner entered the automobile driven by respondent. The trial court concluded as a matter of law that "* * * the Defendant, Roy Lyle Cadwell, was not guilty of gross negligence because the evidence *does not show any conduct in the nature of a continued or persisting course of action of sufficient duration* as seems to be required by the Appellate Courts of this state, before negligent action becomes gross, as a matter of law." (Emphasis added). The judgment of the trial court was affirmed by the Court of Civil Appeals. 309 S.W. 2d 545.

The court made other findings of fact which are in harmony with the findings of the jury so far as the question of gross negligence is concerned. These findings indicate that the trial court entered the judgment non obstante veredicto primarily on the theory as indicated in the above quoted conclusion of law. The Court of Civil Appeals affirmed the judgment of the trial court holding that our decision in the case of Rogers v. Blake, 150 Texas 373, 240 S.W. 2d 1001, precluded a recovery by the guest in the instant case. There is no authority for the filing of findings of fact and conclusions of law in a case where there has been a jury trial and judgment non obstante veredicto has been entered. See James Ditto, Jr., Independent Executor of the Estate of James Ditto, Sr. v. Ditto Investment Company, 158 Texas 104, 309 S.W. 2d 219. Although the findings of fact and conclusions of law have no proper place in the record, they were filed without objection, and are only referred to here for the purpose of illustrating the theory upon which the trial court rendered its judgment non obstante veredicto. Apparently it was the trial court's theory that gross negligence, which was found by the jury to exist, cannot be the basis for the recovery of damages for the reason that the evidence fails to go further and show that the gross conduct was of

sufficient duration from the standpoint of time. The findings and conclusions specifically referred to herein seem to indicate that this matter of only a few minutes time elapsing between the moment of petitioner's entry into respondent's automobile and the time of the collision was the determining factor in the trial court's mind in entering the judgment non obstante veredicto. The judgment of the Court of Civil Appeals affirming that of the trial court has for its basis the conclusion as was reached in Rogers v. Blake, supra, that the acts which the jury found as being gross negligence were mere acts of inadvertence and of mistaken judgment, and that there were no facts or circumstances which would justify the inference that the respondent's conduct was grossly negligent. With this conclusion we cannot agree. Our examination of the authorities in this jurisdiction on the question discloses that the courts have been primarily concerned with the quality or kind of conduct established by the evidence in each given case and have adhered to the rule that whether conduct is so far negligent or wanton, reckless or willfully improper as to render one liable under the guest statute depends upon the combination of circumstances present at the particular time and place. In none of the decisions has it been held that the period of time during which negligent conduct existed was the sole criterian for gross negligence. In the case of Burt v. Lochausen, 151 Texas 289, 249 S.W. 2d 194, 198, this Court quoted with approval from *Blashfield Cyclopedia of Automobile Law and Practice,* Volume 4, Part 1, page 393, Sec. 2324:

"Whether an automobile host's conduct is so far negligent or wanton, reckless, or willfully improper as to render him liable to a gratuitous guest, under the prevailing standard of liability, *depends in every case upon the combination of circumstances present at the particular time and place.* No one or two acts or omissions on the part of the host, no one or two factors from among the conditions then and there present, can be segregated and arbitrarily characterized as necessarily constituting a breach by the host of his duty. Yet typically some one particular act or omission is the central feature of every such traffic accident. It is not of itself determining, but it is still of critical significance."

This Court on May 21, 1958, in the case of Bernal et ux. v. Seitt et al., 158 Texas 521, 313 S.W. 2d 520, in holding that the facts in that case sustained findings of gross negligence, stated in the course of the opinion that:

"Obviously every instance of gross negligence includes one of ordinary negligence; and here we have circumstances beyond mere speed, failure to keep control and so on, from which the jury might not unreasonably draw the inference of conscious indifference. The undoubted skill and experience of the driver cuts both ways. Although he had reason for self-confidence, as distinguished from callousness, he also had reason to appreciate the danger and to know that even the most skilful drivers have accidents."

We cited in support of the holdings that the findings of gross negligence were supported by the evidence, the cases of Burt v. Lochausen, supra, and Kirkpatrick v. Neal, 153 S.W. 2d 519, 521, Texas Civ. App., writ of error refused "want of merit." This latter case is especially a complete justification for the conclusions reached by us in the Bernal case, supra. Furthermore, it is very much like the instant case. The case was tried to a jury upon special issues, and the jury found seven different acts or omissions each amounting to negligence, and that each of the acts or omissions by the defendant was " 'in heedless and reckless disregard' of the rights of * * * Hazel Neal, and that each of said acts or omissions * * * was a proximate cause of the injuries sustained by Hazel Neal * * *." The contention was made that there was no evidence of probative force raising a jury issue as to whether the defendant, under the circumstances, was guilty of heedless and reckless disregard of the safety and rights of Hazel Neal, and that, therefore, the findings of the jury on the issues of gross negligence should be set aside, leaving only the findings of ordinary negligence. In passing upon the question thus presented, the court refused to agree with this contention. The opinion sets out the pertinent provisions of Article 6701b, supra, particularly Section 1 of the Article, and then follows the conclusion of the Court:

"There is no contention that the accident was intentionally caused. The contention is that the appellant, Blair Kirkpatrick, in his driving of the automobile was heedless and reckless in his management of same. That his driving the automobile on and over the narrow and dangerous curve in the road as it approached the narrow one-way bridge at the speed with which he operated the automobile, knowing, the condition, situation and difficulties of the road and bridge on and over which he was passing, after being cautioned as to same, and after being requested to moderate the speed of the car and which he failed to observe or do, his so operating the automobile was in heedless and reckless disregard of the safety of Miss Neal and the

other occupants of the car. The evidence raised each of the issues submitted to the jury, and abundantly supported the answers given to same. These assignments are overruled."

It is seen that the Court, in holding gross negligence, stressed the fact that the defendant drove his automobile on and over the narrow and dangerous curve in the road as it approached the narrow one-way bridge in such a manner as to show a conscious indifference to the right or welfare of the person or persons affected. Under all the circumstances the defendant, in operating his automobile at the time and immediately prior to the accident, was heedless and reckless in his management and control of the vehicle. The Court applied the test which was announced in the case of Bowman v. Puckett, 144 Texas 125, 188 S.W. 2d 571, and followed in Burt v. Lochausen, supra. The question of whether the acts or omissions were the result of a conscious indifference to the rights or welfare of the person or persons to be affected by such acts is determined by inference from what the actor did and the physical facts that existed at the time and that contributed to the accident. See also Scott v. Gardner, 137 Texas 628, 636, 156 S.W. 2d 513, 141 A.L.R. 50; Bowman v. Puckett, supra.

To answer the question of whether there is evidence of probative force to sustain the jury findings of gross negligence, we necessarily must take into consideration the definition of gross negligence, which includes the element of conscious indifference. In the Bowman case, supra, this Court said:

"The 'conscious indifference' included in the definition of gross negligence is indifference 'to the rights or welfare of the person or persons to be affected by it (the act or omission).' * * * * The persons who would or might be affected by respondent's reckless driving were not only the occupants of his automobile but also persons who might be traveling on the street or highway or who might enter upon it. The probability of danger to all such persons 'must be considered in determining whether negligence exists, as well as the grade.' "

■ It is our opinion that the facts in the present case sustain the findings of the jury of gross negligence. We deem it unnecessary to further elaborate upon the facts except to say that all the facts, including the manner in which the automobile was backed out of the driveway onto a heavily traveled highway, and then the fact of driving diagonally across wrong lanes of traffic, and, including the fact that respondent testified that he

saw an automobile approaching at seventy to seventy-five miles per hour approximately 100 feet away (the length of the court room) and the facts showing that he consciously drove into its path of travel, certainly were such facts from which the jury might have reasonably drawn the inference of conscious indifference. The Court of Civil Appeals agrees with this conclusion but failed to hold for the petitioner. The court was of the opinion that even though there was evidence showing something more than "simple negligence," it could not hold there was evidence of gross negligence in view of our decision in the case of Rogers v. Blake, 150 Texas 373, 240 S.W. 2d 1001. The respondent also relies upon the case of McCarty v. Moss, Texas Civ. App., 225 S.W. 2d 883, er. ref. We have re-examined these authorities, in view of the holding of the Court of Civil Appeals in the present case, and find that the factual background in those cases is in nowise comparable to the facts in the instant case. In the Rogers case, supra, the petitioner-guest relied upon three grounds of recovery: "namely, that the respondent, with gross negligence and heedless and reckless disregard of the rights of others," (1) failed to stop at a stop sign at the entrance of Richmond Street into Alabama Street, a through street or thoroughfare in the City of El Paso, Texas, (2) failed to yield the right of way at the intersection, and (3) failed to keep a proper lookout for other vehicles approaching the intersection.

This Court, in the Rogers case, discussed the meaning of gross negligence and held that there was no evidence showing a conscious indifference to the rights or welfare of others. To illustrate that conscious indifference was not in the case, the Court pointed out evidence to support such conclusion. Some of such evidence was that the driver of the automobile slowed down, but did not stop at the stop sign; that there was no evidence of fast driving; that *"Blake testified that he slowed down upon coming to the intersection* [and the driver of the other car also testified to the same effect], *and that he looked both up and down the street and did not see any cars approaching and drove out into the intersection.* * * *" Mrs. Rogers, the guest, did not see the approaching automobile with which the Blake automobile collided until immediately prior to the collision.

The court simply held that under such circumstances there was no conscious indifference to the rights or welfare of others, including Mrs. Rogers, and that in the absence of such showing the doctrine of foreseeableness does not become important. See Texas Pac. Coal & Oil Co. v. Robertson, 125 Texas 4, 79 S.W. 2d 830, 831, 98 A.L.R. 262. The doctrine does become important in

the instant case. The facts heretofore pointed out clearly show that the respondent was consciously indifferent to the rights or welfare of the petitioner as well as others. Consequently, he knew or should have known from all such facts and circumstances that the petitioner or someone in the other automobile would probably sustain injuries as the result of such conscious indifference. The fact that the respondent testified that he thought he could make it across the highway does not alter our view.

In the case of McCarty v. Moss, supra, the court again was concerned with a different factual situation than in the instant case. In that case, the guest testified to facts disproving a conscious indifference on the part of the driver of the automobile in which he was riding. He testified that, "* * * at a point near the theatre the speed was reduced and Neill [the driver] turned across the center line to the left-hand side of the street, and a little later Neill tried to go in between two approaching cars and clipped the right fender of one, a Buick, with his right front fender, and collided with the DeSoto." The Court of Civil Appeals, in affirming the action of the trial court wherein it instructed a verdict for the defendants, Neill and Ross, likened the case to that of Aycock v. Green, Texas Civ. App., 94 S.W. 2d 894, 898, er. dism. In that case, the Court said, in part:

"* * * By that last movement, by that slight miscalculation of distance, the grievous tragedy was accomplished. Was the immediate act, of cutting the car back to its rightful path a second too soon, a piece of 'ordinary negligence,' as that term is universally considered, or did it show, affirmatively — as it must have been shown to be actionable under the statute — that it was done by the driver of the ill-fated car (whether guest or owner), intentionally, wantonly, or in heedless disregard of the lives of his congenial, convivial companions?

"We have concluded that the evidence, * * * was not sufficient to show, affirmatively, that the negligent act which caused the accident was 'intentional on the part of the operator of the car,' or was attributable to 'his heedlessness or his reckless disregard of the rights of others,' within the contemplation of the guest statute. * * *"

In that case, we find facts showing a miscalculation of the space between two approaching automobiles. This was held by the court to be an error of judgment. In the instant case, we find the respondent consciously and knowingly driving his au-

tomobile from a place of safety directly into the path of an automobile which was approaching at a speed of between seventy and seventy-five miles per hour, at a time and place that would make the collision inevitable.

This disposes of the questions presented by petitioner. In view of our holdings on such questions, the petitioner is entitled to judgment, unless it is necessary to sustain cross points presented by respondent in the Court of Civil Appeals complaining of errors committed by the trial court. Judgment non obstante veredicto was entered in this case in the trial court and the respondent here, who was appellee in the Court of Civil Appeals, assigned by cross point in that court that the trial court erred in the definition "he gave to the jury of gross negligence, and in finding and refusing to give the definition submitted by the appellee * * *."

■ We have examined the charge of the court and find that the definition of gross negligence,[1] as given in the court's charge, was substantially the same as the definition of gross negligence[2] given in the case of Missouri Pacific Ry. Co. v. Shuford, 72 Texas 165, 10 S.W. 408, and approved in the case of Texas Pacific Coal & Oil Co. v. Robertson, supra. The definition as given was correct, and the court did not err in refusing to submit in its charge the requested definition. The definition as given was identical with the requested issue, except the latter contained the additional phrase: "and such act or conduct must be something in the nature of a continued or persistent course of action."

The judgments of the trial court and the Court of Civil Appeals are both reversed, and judgment is here rendered in favor of the petitioner for the sum of $7500.00, plus interest on said sum at the rate of 6 per cent per annum from and after February 13, 1957, the date of the jury verdict.

Opinion delivered June 4, 1958.

Rehearing overruled July 23, 1958.

---

1—"By the term, 'Gross Negligence,' as used in this charge, is meant more than momentary thoughtlessness, inadvertence or error of judgment. There must be an entire want of care to raise the belief or presumption that the act or omission complained of was the result of conscious indifference to the rights, welfare or safety of the persons affected by it."

2—"Gross negligence, to be the ground for exemplary damages, should be that entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the rights of welfare of the person or persons to be affected by it."