130 So.2d 770 (1961)
Phanor HONEYCUTT and Mrs. Vera E. Honeycutt
v.
INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY and Succession of Thomas Arthur Stephens.
No. 275.
Court of Appeal of Louisiana, Third Circuit.
May 22, 1961.
Rehearing Denied June 13, 1961.
Certiorari Denied June 29, 1961.
Bodenheimer, Looney & Richie, by G. M. Bodenheimer, Shreveport, Arthur C. Watson, of Watson, Williams & Brittain, Natchitoches, for defendant-appellant.
G. F. Thomas, Jr., and Julian E. Bailes, by G. F. Thomas, Jr., Natchitoches, for plaintiffs-appellees.
Before TATE, FRUGE and SAVOY, JJ.
*771 SAVOY, Judge.
This action was instituted by plaintiffs husband and wife against Indiana Lumbermens Mutual Insurance Company, the public liability insurer of T. J. Stephens, and against T. J. Stephens, individually, because of an automobile accident which occurred in the State of Texas on November 14, 1958, wherein a car driven by Tommy Stephens, the son of T. J. Stephens, went out of control and in which plaintiffs' minor son and Tommy Stephens were both killed, and the other occupant of the said car, Billy Joe Smith, was seriously injured.
Plaintiffs allege that the sole and proximate cause of the accident was the gross, wanton and heedless negligence of the driver Tommy Stephens, in driving at an excessively high rate of speed, in failing to keep the car under control, in failing to heed the warnings and admonitions of James Honeycutt and the other passenger to slow down and to drive more carefully, in failing to slow down for steep, sharp curves, and in driving the car in such a manner and at such a high rate of speed as to lose control of the car, in driving it off the highway, striking a tree on the roadside, and turning over.
Plaintiffs then itemized their damages and asked for an in solido judgment against the said T. J. Stephens and his insurer.
Counsel for Indiana Lumbermens Mutual Insurance Company filed an exception of no cause or right of action, and on behalf of the said T. J. Stephens filed a general denial to the petition, and further answering the suit alleged that should the court find that Tommy Stephens was negligent that plaintiffs' son was guilty of contributory negligence, which barred their recovery, in the following particulars:
(1) In failing to protest against the alleged excessive speed and recklessness of Tommy Stephens.
(2) In failing to cause the vehicle to be stopped and leaving same.
(3) In continuing to ride in a vehicle when the driver was allegedly driving in a gross negligent and reckless manner.
Defendants specifically plead the law of the State of Texas as being controlling in this case since the accident occurred in that state. Defendants plead further that under the law of the State of Texas, in order for there to be a recovery on the part of the guest passenger, the accident must have been intentional on the part of the operator of the vehicle, or caused by his heedless and reckless disregard of the rights of others, as provided by the Texas Guest Statute Article 6701b, which law is contrary to the law of this state, and was specifically plead.
Defendants further plead that plaintiffs were barred from recovery for the reason that before recovery could be made on their part, plaintiffs would have to show that the said vehicle in question was driven by the said young Tommy Stephens in a heedless disregard of the rights of others, so as to amount to gross negligence under the Texas decisions.
Plaintiffs then filed a supplemental petition stating that Mrs. Pearl McGraw Smith had been appointed and qualified as administratrix of the Succession of Thomas Arthur Stephens. In answer to the supplemental petition of plaintiffs, the said T. J. Stephens stated that he had been appointed Administrator of the succession of his deceased son rather than Mrs. Pearl McGraw Smith. The said T. J. Stephens specifically plead the provisions of Article 3716 of Vernon's Texas Civil Statutes in bar to this suit. Mrs. Smith's appointment was set aside and T. J. Stephens was appointed as the Administrator of the Succession of his son, Thomas Arthur Stephens.
The answer was filed by defendants under the reservation by Indiana Lumbermens Mutual Insurance Company of its exception of no cause or right of action.
On these issues the case was tried.
The district court maintained the exception of no cause or right of action against Indiana Lumbermens Mutual Insurance *772 Company, and the case was tried against T. J. Stephens in his capacity as administrator of the succession of his son.
After the trial on the merits the district judge granted judgment in favor of plaintiffs and against said administrator in the sum of $15,751.35, $7,500 being awarded the father for the death of his son, $751.35 being awarded for funeral expenses, and an award to the mother of $7,500 for the death of her son.
From this judgment both the administrator and the plaintiffs have appealed.
This action is a companion suit to and was consolidated for trial with the case of Smith v. Indiana Lumbermens Mutual Ins. Co. et al., 130 So.2d 770.
This Court will first consider the exception of no cause or right of action filed by Indiana Lumbermens Mutual Insurance Company, which exception was maintained by the trial court. The ruling of the trial court was correct under the provisions of LSA-R.S. 22:655, which is a direct action statute. This section provides that the right of direct action is permitted in tort where the accident or injury occurred within the State of Louisiana. Blount v. Blount, La.App. First Circuit, 1960, 125 So.2d 66. Since the accident occurred in the State of Texas, plaintiffs cannot maintain a direct action against the insurer in this state, and the suit was correctly dismissed as against it.
The facts of this case are that on the night of November 13, 1958, Tommy Stephens, with permission of his father, used a four door Renault sedan automobile with the view of going to St. Augustine, Texas. Tommy Stephens picked up Billy Joe Smith and James Honeycutt and left Natchitoches, Louisiana, for Texas. Near Milam, Texas, the automobile driven by young Tommy Stephens ran into a pine tree near the highway, and as a result of the accident the car was demolished, Tommy Stephens and James Honeycutt were killed, and Billy Joe Smith suffered bodily injuries.
Counsel on behalf of defendant Stephens asked that the judgment of the district court be reversed and set forth in his brief the following specifications of error:
(1) The District Court erred in refusing to apply the Texas "Dead Man's Statute" to a case tried in Louisiana, though occurring in Texas.
(2) The District Court erred in holding that the testimony of the plaintiff was sufficient to sustain its burden of proving gross negligence so as to allow recovery under the Texas Guest Statute which requires gross negligence for a nonpaying guest to recover from his host.
(3) The District Court erred in permitting a witness to testify as to his conclusions rather than facts.
This Court will consider the specifications of error in the order set forth above.
Article 3716 of Vernon's Texas Civil Statutes, commonly referred to as the Texas Dead Man's Statute, provides the following:
"In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."
The trial judge held that the law of the forum, namely, the law of Louisiana, controlled the admissibility of evidence in this case and allowed Billy Joe Smith to testify at the trial in district court. We are of the opinion that the ruling of the trial court was correct. Since the matter before the court was one of procedure relating to matters of evidence, the rules of evidence in this state should prevail.
*773 In 11 American Jurisprudence, Conflict of Laws, Section 203, this expression is found:
"The weight of authority, as well as sound principles of reason, is in accordance with the rule that questions of evidence are governed by the law of the forum. This rule has been applied in many types of litigation. It should be noticed, however, that if an instrument is rendered void by the operation of the law of the place where it is made, the question, though arising on the offer of the instrument in evidence, is nevertheless one of validity to be determined by the lex loci contractus. For example, in cases where an attempt is made to show want of consideration in a contract, it is said that the question of consideration, arising upon the admissibility of evidence, is not one of procedure and remedy, since it goes to the substance of the right itself and belongs to the construction of the contract.
"The same general principle applies to the competency, admissibility, quality, and degree of evidence. For instance, the law of the state where an action is brought determines what is evidence of presentment and dishonor of promissory notes and inland bills of exchange.
"The quantum of evidence required to take the case to the jury and the right to direct a verdict for insufficiency of the evidence are also usually determined by the lex fori."
Counsel for defendants contended that the testimony of Billy Joe Smith was not admissible in Louisiana for the reason that LSA-R.S. 13:3722 provides the following:
"Parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if a suit upon the asserted indebtedness or liability shall have been brought within a delay of twelve months after the death of the deceased, unless it consists of the testimony of at least one credible witness of good moral character, besides the plaintiff or unless it be to corroborate a written acknowledgement or a promise to pay, signed by the debtor."
It is conceded by counsel for defendants in his brief that the above-quoted statute has never been applied to a tort action. We are of the opinion that the primary purpose of the above statute was where a person was claiming a debt against a deceased party. The above statute is not applicable to the case at bar.
The next question for determination is whether under the evidence in this case the driver of the death car, namely, Tommy Stephens, was guilty of gross negligence so as to allow plaintiffs to recover in this suit. Vernon's Civil Statutes of the State of Texas, Article 6701b, the Texas "Guest Statute", reads as follows:
"Section 1. No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others.
"Sec. 2. This Act shall not relieve a public carrier or any owner or operator of a motor vehicle while the same is being demonstrated to a prospective purchaser, of responsibility for any injuries sustained by a passenger being transported by such public carrier, or by such owner or operator."
The evidence discloses that young Tommy Stephens on the night of the unfortunate accident was driving over roads which were unfamiliar to him. The roads had a blacktop surface, they were winding and were not in very good condition at the time *774 of the accident. The blacktop road surface was wet at the time of the accident. The record reflects further that the Renault automobile was a small light car and that anyone driving over 30 miles per hour would have difficulty in controlling same, particularly under the road conditions on the night in question. Billy Joe Smith testified that Tommy Stephens was driving the car at a fast rate of speed shortly before the accident occurred, and he warned Stephens that he was driving too fast around the curves, but stated that each time he told Stephens about driving too fast, Stephens would laugh about the matter. He testified that Stephens was driving the car from one side of the road to the other.
In the case of Fancher v. Cadwell, 159 Tex. 8, 314 S.W.2d 820, 822, the Court said the term "Gross negligence" meant more than momentary thoughtlessness, inadvertence or error of judgment. There must be an entire want of care to raise the belief or presumption that the act or omission complained of was the result of conscious indifference to the rights, welfare or safety of the persons affected by it.
In Fancher v. Cadwell, supra, the Court made this statement:
"* * * In the case of Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, 198, this Court quoted with approval from Blashfield Cyclopedia of Automobile Law and Practice, Volume 4, Part 1, page 393, § 2324:
"`Whether an automobile host's conduct is so far negligent or wanton, reckless, or willfully improper as to render him liable to a gratuitous guest, under the prevailing standard of liability, depends in every case upon the combination of circumstances present at the particular time and place. No one or two acts or omissions on the part of the host, no one or two factors from among the conditions then and there present, can be segregated and arbitrarily characterized as necessarily constituting a breach by the host of his duty. Yet typically some one particular act or omission is the central feature of every such traffic accident. It is not of itself determining, but it is still of critical significance.'
"This Court on May 21, 1958, in the case of Bernal v. Seitt, [158 Tex. 521] 313 S.W.2d 520, in holding that the facts in that case sustained findings of gross negligence, stated in the course of the opinion that:
"`Obviously every instance of gross negligence includes one of ordinary negligence; and here we have circumstances beyond mere speed, failure to keep control and so on, from which the jury might not unreasonably draw the inference of conscious indifference. * * *"
We find the facts in the case of Bernal v. Seitt, 158 Tex. 521, 313 S.W.2d 520, and Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, to be similar to the facts in the case at bar.
Counsel for defendants in his brief cited the cases of Bowman v. Puckett, 144 Tex. 125, 188 S.W.2d 571; Missouri Pacific Ry. Co. v. Shuford, 72 Tex. 165, 10 S.W. 408; and Rogers v. Blake, 150 Tex. 373, 240 S.W.2d 1001, 1004, to show what constitutes gross negligence and heedlessness and reckless disregard under the Texas statute.
In the case of Bowman v. Puckett, supra, the court held that the heedless or reckless disregard of the rights of others mentioned in the guest statute is synonymous with gross negligence.
In the case of Rogers v. Blake, supra, the court said:
"* * * it is now the settled law of this state that momentary thoughtlessness, inadvertence, or error of judgment do not constitute `heedlessness or reckless disregard of the rights of others' within the meaning of this statute; there must be something in the nature of a continued or persistent course of action; such acts as to constitute wanton misconduct or gross negligence."
*775 Defendants have also cited the case of Ray v. Zackey, 329 S.W.2d 350, in support of their position. This was a decision by the Court of Civil Appeals of Texas. The evidence reflects that defendant was a soldier and was going to see his girl in Dallas; that his girl friend asked plaintiff to go as a blind date with a friend of defendant's who was accompanying him to Dallas; that the two couples went to a New Year's Eve party in defendant's car; that all members of the party had some drinks or intoxicants; that on the way home defendant while driving his car collided with a bridge causing personal injuries to plaintiff. The Court of Civil Appeals affirming a judgment of the district court found that under the evidence in the case that the defendant was guilty of ordinary negligence. The Court found that since neither the pleadings nor the proof in the record brought the act of negligence under the heedless or reckless disregard of the rights of others category that plaintiff could not recover for a guest could not assert a cause of action for ordinary negligence. The case is distinguishable from the instant case in that gross negligence was not alleged or proven.
Considering all the facts of this case and in view of the decision of the Supreme Court of Texas in the case of Fancher v. Cadwell, supra, and the cases cited therein, we are of the opinion that the trial judge correctly held that the said Tommy Stephens was guilty of gross negligence, and that the judgment of the district court was correct under the evidence adduced.
Counsel for defendants complained that the witness, Billy Joe Smith's, testimony consisted of conclusions of law rather than facts. An examination of the record convinces this court that the matters testified to by Smith in the main involved questions of fact rather than conclusions of law.
Having determined that plaintiffs may recover under the decisions of the Texas appellate courts, it is unnecessary to discuss the Louisiana cases on the same subject cited by counsel for both parties.
Plaintiffs have answered the appeal asking that the award made by the trial court be increased.
After examining the cases cited by counsel for both parties, and having made an independent examination of other cases, this Court is of the opinion that the award of the trial judge was not inadequate or excessive.
For the written reasons assigned, the judgment of the district court is affirmed. Defendant, T. J. Stephens, as administrator of the Succession of Thomas Arthur Stephens, is to pay all costs of this suit.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.