Marion FARNEY, Individually and as Next Friend for Drenda Louise Farney, a Minor, Appellant,

v.

Adolph HERR et al., Appellees.

No. 16336.

Court of Civil Appeals of Texas.

Fort Worth.

June 8, 1962.

Gallagher, Francis, Bean, Wilson & Berry and Judson Francis, Jr., Dallas, for appellant.

Crowley, Wright, Miller & Garrett, and John B. Garrett, Fort Worth, for appellees.

MASSEY, Chief Justice.

Plaintiff Marion Farney, individually and as next friend for his daughter Louise Farney, brought suit against defendants Adolph Herr and David Paul Herr for damages for personal injuries to said daughter, and for medical expenses incident thereto, all arising out of an automobile collision. Louise Farney was a guest in an automobile driven by David Paul Herr when it went out of control due to ice on pavement at the top of a hill, and skidded and struck against a telephone pole at the side of the road. Adolph Herr was the father of David Paul.

After depositions were taken of all the parties to the suit, the defendants moved for summary judgment. Following a hearing on said motions, summary judgment was rendered for defendants, directing that the plaintiff take nothing by said suit.

Plaintiff appealed.

Judgment affirmed.

■ The parties agree that Louise Farney, a minor, was a guest in the automobile driven by David Paul Herr, also a minor, within the provisions of the Guest Statute. Vernon's Ann.Tex.Civ.St. Art. 6701b "Liability for injuries to gratuitous guest in motor vehicle limited; public carrier and motor vehicle demonstrators excepted." The plaintiff's contention is that the collision resulted from the heedlessness, recklessness and gross negligence on the part of young Herr in the manner in which the automobile was operated immediately prior to and at the time of the collision.

Facts relative to the occurrence of the collision are these: After having attended a theater young Herr and Louise Farney, his date for the evening, went to a "drive-in" in Arlington, Tarrant County, Texas, and had soft drinks. Afterward they drove about the City of Arlington for a time, ultimately driving out U. S. Highway No. 80 toward Forth Worth, then turning around and coming back toward Arlington to Oakwood Lane, which runs to the north from its intersection with Highway No. 80. They drove north on Oakwood Lane to the point of the collision.

It appears to be without dispute that at all times until shortly prior to the time of the collision young Herr was driving the automobile with due and proper care and caution. However, it is contended that he was guilty of gross negligence immediately prior to the time of the collision in the

way and manner in which he speeded up the automobile to 50 or 55 miles per hour in ascending a rather steep hill, at the top of which he encountered ice on the surface of the highway. The slipping of his tires on said icy surface resulted in his loss of control of the automobile, which skidded into the telephone pole. The time was approximately 10:00 o'clock P.M., and the weather clear, cold and dry. There was ice on the shoulders of the road, but the surface of the road, which was paved, was dry until the automobile reached the point of the collision.

When young Herr reached the point where there was ice on the surface of the road, the rear of the automobile slipped or skidded to the right, and slid broadside on down the road and across onto the shoulder to the west, and then into the telephone pole. It was the right-hand side of the automobile that struck against the telephone pole. Young Herr never did apply the brakes, but attempted to compensate for the skidding of the automobile, as same began, by turning the front wheels. The attempt at such compensation evidently came too late, for he was unable thereby to bring the automobile back under control.

■ There had been no ice encountered on the surface of any of the streets and highways over which young Herr had driven on the evening in question until the time and place of the collision. The point of the collision was within the city limits of the City of Arlington, and the speed of the automobile immediately prior to and at time of the collision was in excess of applicable limits. Although there is no doubt but that an issue would have been created as to the simple negligence of young Herr, we are in accord with the trial court that the evidence did not raise the issue of gross negligence. There could be no liability to plaintiff on the part of young Herr unless the issue was raised upon the matter of his gross negligence, such being essential to the imposition of liability by or through his passenger and guest in view of Art. 6701b.

High and excessive speed is mere ordinary negligence and not gross negligence, insufficient in and of itself to raise the issue of gross negligence. Burt v. Lochausen, 1951, Tex.Civ.App., 244 S.W.2d 915, 151 Tex. 289, 249 S.W.2d 194; Rowan v. Allen, 1940, 134 Tex. 215, 134 S.W.2d 1022.

■ In view of the decision in Fancher v. Cadwell, 1958, 159 Tex. 8, 314 S.W.2d 820, it is under some circumstances unnecessary to show gross negligence by proof of a continued or persistent course of negligent conduct, but it is the quality or kind of conduct established in the evidence rather than its persistence and duration which controls. Nevertheless it is necessary in the ordinary guest case to look further than the immediate negligent act, in consequence of which a collision occurs, in order that one may find evidence of sufficient heedlessness and reckless disregard of the rights of others to raise an issue of gross negligence. This case is the ordinary one and not the unusual and exceptional one such as Fancher v. Cadwell, and here it would be necessary to look further than to the immediate act of negligence which resulted in the collision if one would find any course of conduct which would amount to gross negligence. In the instant case, when one looks further than to the immediate act of negligence which resulted in the collision nothing reprehensible in young Herr's conduct may be found. It follows, therefore, that the issue of gross negligence is not raised in the case.

■ Another factor in the case, applicable to the liability, if any, of Adolph Herr, the father of David Paul Herr, is that of negligent entrustment. The question would be whether the father negligently permitted the son to drive any automobile, and in particular the automobile which he was driving on the evening of the collision, —and further, whether, by reason of such negligent entrustment, he is independently liable for the consequences thereof which resulted. Under the circumstances of this case the liability, if any, of the father would

be derivative. His liability could only arise through a liability found to be existent in his son. The son would be liable to those asserting such only in the event he was guilty of gross negligence, this being a guest case. We have held that the issue of gross negligence was not raised. Adolph Herr would not be liable, for in the absence of gross negligence his son could not be liable under the provisions of Art. 6701b. We believe that where there is negligent entrustment of an automobile to an incompetent driver, operation of the law does no more than to make the incompetent driver the agent of him who has entrusted the automobile to the driver, and subject him to potential liability under principles of *respondeat superior*. We are not here concerned with any independent and separable act or omission, amounting to negligence on the part of Adolph Herr, by reason of which he might be held individually liable for the injuries sustained by Louise Farney irrespective of the liability of his son.

Furthermore, even if it be held that David Paul Herr was in fact guilty of gross negligence, his father, Adolph Herr, could not be held liable. It indisputably appears that there would be no evidence which could be introduced upon a trial of the merits of the case sufficient to raise a fact issue as to whether there had been any entrustment of the automobile in question to the son by the father. Earlier in the evening David Paul Herr had been driving his brother's automobile. This vehicle was not equipped with a heater and the night was cold. Since the young couple desired to take the drive they did take, they went by the Herr home and exchanged automobiles. Unbeknownst to Adolph Herr the young couple took the automobile later involved in the collision, it being a vehicle which belonged to said father's employer, and which the son had been forbidden to drive. The doctrine of negligent entrustment may not be so extended as to impose liability upon the alleged "trustor" for the negligent operation of a vehicle which he had expressly forbidden the alleged "trustee" to drive.

It is our holding that the pleadings and depositions on file show that there is no genuine issue as to any material fact, and that the defending parties were entitled to a complete summary judgment in their favor. Texas Rules Civ.Proc. 166-A "Summary Judgment".

Judgment affirmed.