Imogene HARBIN, Appellant,

v.

Stephen H. SEALE, Appellee.

No. 17429.

Court of Civil Appeals of Texas, Dallas.

April 17, 1970.

Rehearing Denied May 15, 1970.

Windle Turley, McKool, McKool, Jones & Shoemaker, Dallas, for appellant.

Lorene L. Purvines, Akin, Vial, Hamilton, Koch & Tubb, Dallas, for appellee.

BATEMAN, Justice.

The appellant sued to recover damages for the death of her son Jay Lee Harbin while a passenger in appellee's automobile. Appellee asserted the guest statute, Vernon's Ann.Civ.St., Article 6701b, in defense. The court rendered judgment for appellee notwithstanding a verdict favorable to appellant. We affirm.

The guest statute provides that the host shall not be liable to his guest unless the accident shall have been intentional on the part of the host or "caused by his heedlessness or his reckless disregard of the rights of others." This latter "quality of negligence" is equated with gross negligence. Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607, 615 (1952); Rowan v. Allen, 134 Tex. 215, 134 S.W.2d 1022 (1940); Bowman v. Puckett, 144 Tex. 125, 188 S. W.2d 571 (1945).

There is no question but that Jay Harbin was appellee's guest, and it is not contended that appellee intentionally caused the accident. The only question presented on the appeal, therefore, is whether there was any evidence of probative value to support the submission of Special Issue 1-B inquiring as to whether appellee's driving his car at an excessive rate of speed was gross negligence.

It appears from the undisputed evidence that on the night in question appellee had escorted a young lady to a show and had returned her to her home at about 12:30 a.m., after which he drove his car to a sub-urban shopping center where he met with two young friends, Jay Harbin and Richard Cox. The three young men were talking in the parking lot when they heard air escaping from a tire on Cox's car. He drove the car to a service station, with appellee following in his car. Cox left his car at the service station and the three young men got in appellee's car and drove for about two hours through the residential area of the neighborhood, the three of them taking turns at driving. When they decided to part appellee agreed to drive them home. Appellee was driving his car when the fatal accident occurred. Harbin was in the front seat with the driver and Cox was in the back seat.

The accident occurred on a curving street known as Epping Lane, in the City of Dallas. The car first hit the right curb, then veered over and hit the left curb, then back to the right curb. Appellee testified that he did not remember anything thereafter until after the car had come to rest. He estimated his speed at 40 miles per hour when he first hit the curb. It is apparent from his testimony and the physical facts in evidence that after his car hit the curbs he lost control of the car, which proceeded up over the curb, struck a mail box and a metal electric light pole with sufficient force to shear off most of the right side of the automobile. Expert investigators were permitted to express the opinion that the car was traveling between 78 and 80 miles per hour when it struck the light pole and then traveled 59 feet through the air before coming to rest. Harbin was killed outright and Cox suffered a broken leg.

The jury found in answer to special issues that appellee drove his car at an excessive rate of speed, that he failed to keep a proper lookout, failed to turn his vehicle to avoid the collision, and failed to timely apply his brakes; that each of these acts and omissions constituted negligence proximately causing the collision, but that only the excessive speed constituted gross negligence, which was correctly defined by

the court as meaning "that entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the rights or welfare of the person or persons to be affected by it." Texas Pac. Coal & Oil Co. v. Robertson, 125 Tex. 4, 79 S.W. 2d 830, 98 A.L.R. 262 (1935).

The jury also found that Jay Harbin failed to request appellee to slow the speed of his automobile and failed to leave the automobile when given an opportunity to do so, but that neither of these omissions constituted negligence.

■ Appellant's counsel remind us of the well settled rule that a judgment *non obstante veredicto* is proper only when there is no evidence to support the submission of an issue. They then argue that the trial court did not follow this rule in rendering the judgment appealed from, in that in the judgment the court recited that appellee's motion for judgment *non obstante veredicto* was "on the ground that the jury's findings in response to the above special issues could not, as a matter of law, support a finding of gross negligence on the part of the Defendant," and then proceeded to sustain that motion. We see no merit in this contention. The trial court simply erroneously described the motion. The pertinent parts of the motion itself are:

> "That this Court erred in submitting said Special Issues or any of them to the jury and that said findings are wrong and should be held for naught because the undisputed and uncontradicted evidence establish that the Defendant committed no acts or omissions which could be held to constitute gross negligence. * * * That because of such undisputed and uncontradicted evidence no issue of fact was raised for submission to the jury of any issue on the question of gross negligence, and that a directed verdict for this Defendant would have been proper and should have been given."

This in effect says that there was no evidence to support the submission of special issues on the question of gross negligence. The court sustained that motion. The fact that the court misdescribed the ground of the motion is in our opinion of no consequence.

■ In considering the contention that there was no evidence to support the finding of gross negligence we must view the evidence in the light most favorable to appellant, indulging in her favor every reasonable intendment deducible from the evidence. Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547 (1962).

In Bowman v. Puckett, 144 Tex. 125, 188 S.W.2d 571, 575 (1945), one of the cases most strongly relied on by appellant, the court recognized the rule, asserted in previous cases, that "the mere fact that an automobile was operated at a high and excessive rate of speed only raised the issue of ordinary negligence," and that "thoughtlessness, inadvertence, or error in judgment did not constitute heedless nor reckless disregard of the rights of others within the meaning of the statutes; and there must be something of a continued or persistent course of action in order to constitute heedless and reckless disregard of the rights of others or gross negligence," but pointed out that in that case "there is more than the mere fact of driving at a high rate of speed. There is also more then thoughtlessness or inadvertence. Respondent was driving at a very high rate of speed before he reached the limits of the city and he persisted in that course of action after he entered the city and until he was well within the business district."

One of the cases cited in Bowman v. Puckett, supra, was Hamilton v. Perry, 109 S.W.2d 1142, 1143 (Tex.Civ.App., Texarkana 1937, no writ), where we find this language:

> "* * * it is now the settled law of this state that momentary thoughtlessness, inadvertence, or error of judgment do not constitute 'heedlessness or reckless disregard of the rights of others' within the meaning of this statute; there

must be something in the nature of a continued or persistent course of action; such acts as to constitute wanton misconduct or gross negligence."

That language was quoted with approval in Rogers v. Blake, 150 Tex. 373, 240 S. W.2d 1001, 1004 (1951), where the host drove his car past a stop sign without stopping, even though he was familiar with the intersection and knew the stop sign was there, and the Supreme Court held that as a matter of law this would not constitute gross negligence.

Appellant relies heavily on Fancher v. Cadwell, 159 Tex. 8, 314 S.W.2d 820 (1958). In that case the host backed his automobile out of a private driveway into a busy highway at night with the lights of the car turned off, then stopped the car momentarily to change gears and while his car was thus stopped on the gravel portion of the highway he saw a car approaching him at a rate of speed which he estimated to be 70 or 75 miles per hour. The car was only about 100 feet from him, yet he changed gears and drove without lights out into the four lane highway and diagonally down the lanes reserved for traffic going in the opposite direction, directly into the path of the automobile approaching him. The court held that this evidence was sufficient to support the finding of gross negligence, "the facts showing that he consciously drove into" the path of the oncoming vehicle.

Appellant also relies on such cases as Bernal v. Seitt, 158 Tex. 521, 313 S.W.2d 520 (1958); Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194 (1952); Hanks v. LaQuey, 425 S.W.2d 396 (Tex.Civ.App., Austin 1968, writ ref'd n.r.e.); and Claunch v. Bennett, 395 S.W.2d 719 (Tex. Civ.App., Amarillo 1965, no writ).

However, in the case at bar, there is no evidence even to suggest that appellee consciously drove his car in such a manner as to strike the curb on either side of the street or into the mail box or into the metal light pole, or that his fast driving con-

stituted "a continued or persistent course of action." The evidence does not show how long or how far he had driven at an excessive rate of speed, or that there was any other traffic on the street. The facts being so different, we do not consider this case to be ruled by Fancher v. Cadwell, supra, or any of the other cases cited by appellant. We think the facts of this case bring it more nearly within the rules announced in Rogers v. Blake, supra; Linn v. Nored, 133 S.W.2d 234 (Tex.Civ.App., Austin 1939, writ dism'd jdgmt cor.); Rowan v. Allen, 134 Tex. 215, 134 S.W.2d 1022 (1940); Mayer v. Johnson, 148 S.W. 2d 454 (Tex.Civ.App., Amarillo 1941, writ dism'd jdgmt cor.); Wood v. Orts, 182 S. W.2d 139 (Tex.Civ.App., San Antonio 1944, no writ); McCarty v. Moss, 225 S. W.2d 883 (Tex.Civ.App., Austin 1949, writ ref'd); Hamilton v. Perry, 109 S.W.2d 1142 (Tex.Civ.App., Texarkana 1937, no writ); and Farney v. Herr, 358 S.W.2d 758 (Tex.Civ.App., Fort Worth 1962, no writ).

We have reached the conclusion that there was no evidence of probative value to support either the submission of Special Issue No. 1-B or the jury's answer thereto. The finding that appellee was driving his automobile at an excessive rate of speed is not attacked. Yet, this fact, either standing alone or considered along with the other negligent acts of appellee and with the accompanying circumstances of weather, width of the street, visibility, no other traffic, etc., would not in our opinion demonstrate such an entire want of care as would give rise to the belief that it resulted from a conscious indifference to the rights, safety or welfare of others. There was no evidence whatever of any enmity, malice or ill will between the occupants of the car; to the contrary, the evidence disclosed a warm, friendly relationship between them. There was no evidence whatever that appellee was intoxicated or that he had, in fact, consumed any alcohol whatever. There was no evidence whatever that either of the passengers ex-

pressed any alarm or dissatisfaction concerning the speed of the car or appellee's management thereof, and neither of them expressed a desire to be allowed to leave the automobile, although they had several opportunities to do so.

We hold that appellee was entitled to an instructed verdict and that the court did not err in rendering judgment in his behalf notwithstanding the verdict.

Affirmed.