COOK FORD SALES, INC., and Richard Bed-
saul, Appellants (Plaintiffs below),

v.

Carl E. BENSON, Appellee
(Defendant below),

and

Robert Charles Benson, Steve Saign and
Earl Saign, (Defendants below).

No. 3222.

Supreme Court of Wyoming.

May 19, 1964.

See also 381 P.2d 68.

Bruce P. Badley, Sheridan, for appellants.

Lonabaugh & Lonabaugh, Sheridan, for appellee.

Before PARKER, C. J., and HARNS-BERGER, GRAY, and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

The portion of this litigation which concerns this appeal is plaintiffs' claim for damages against Carl E. Benson, a non-resident defendant, resulting from an accident caused by negligent operation of Benson's Oldsmobile while it was being driven in this State by a teenager accompanied by Benson's son who was also a minor. Defendant Benson appeared by motion and answer, asking summary judgment which was granted. Plaintiffs appeal.

The matters before the trial court were the pleadings; the affidavit of defendant Carl E. Benson, saying his Oldsmobile had been taken without his knowledge or permission and that the two boys were not on any mission for him; a resistance to the motion consisting of an affidavit by plaintiffs' counsel which stated no material fact but having attached to it a photocopy of a letter from a Minnesota officer stating there was no report and no record of the Oldsmobile being stolen and a photocopy of another letter written upon stationery bearing the heading "Law Offices of Ryan,

Ryan & Ebert," signed "R. C. Ebert" and addressed to plaintiffs' counsel, stating the signatory was "still attempting to get the insurance company to pay this judgment"; another affidavit by one Willard E. Cook saying the automobile was driven with the permission of defendant Carl E. Benson, that the boys were enroute on a joint venture for their parents, that the boys admitted the accident was their fault, and they or their parents would take care of the damages; a further affidavit which was made by one Bedsaul, who also said the Oldsmobile was driven with permission of defendant Carl E. Benson, that it was driven on a joint venture for employment to supplement family income, that the affidavit of Carl E. Benson, the defendant, was not true, that Carl E. Benson had promised to pay the damages, and that insurance would take care of it.

The attorney for defendant Carl E. Benson then filed an affidavit saying plaintiffs' counsel had admitted the automobile had been stolen, supported by an attached letter from plaintiffs' counsel, saying in part, "Regarding the Carl E. Benson matter, Mr. Earl Saign, the father of the boy who stole Mr. Benson's car in conjunction with Mr. Benson's son," etc. This affidavit was countered by another affidavit of plaintiffs' counsel which said this statement was based on information received from defendant's counsel. A final affidavit was received at the hearing on the motion for summary judgment over defendant's objection. This affidavit was by a Sheridan officer who said the local records did not reflect that the Oldsmobile was stolen.

In giving its summary judgment, the court noted it had considered so much of the various affidavits and exhibits as were proper under the law.

Appellants inquire if their service of process upon Benson, a nonresident defendant, was sufficient; if plaintiffs can recover from the nonresident; if Benson was a nonresident motorist within the meaning of § 1–52, W.S.1957; if Minnesota statute law regarding implied consent should be applied in Wyoming; was there a valid fact to be tried; and did the court err in granting Benson a summary judgment.

■ All questions of service of process are moot as the defendant Benson appeared and answered, thereby submitting himself to the jurisdiction of the court. This also eliminates questions under § 1–52.

■ The suggestion that Minnesota statute law should apply in Wyoming does not merit discussion. It does not apply.

■ The remaining grounds upon which the appeal is taken rest in the question of whether there was a genuine issue of material fact presented by the affidavits and their attachments filed by parties.

Rule 56(e), W.R.C.P., expressly requires that both the supporting and opposing affidavits filed, when summary judgment is sought, shall be made on personal knowledge; shall set forth such facts as would be admissible in evidence; and shall show affirmatively that the affiant is competent to testify to the matters stated therein. The affidavit of defendant Carl E. Benson affirmatively stated that his Oldsmobile had been taken without his knowledge or permission and that the boys were not on any mission for him. This affidavit fulfilled all these requirements. Therefore, under the further provisions of the same rule, the plaintiffs could not rest upon the mere allegations of their pleadings, but were required by affidavits or otherwise to set forth specific facts showing there was a genuine issue of fact for trial.

■ The affidavits of plaintiffs' counsel stated no material fact. The letter attached to the affidavit, which was from a Minnesota police officer and which stated the police department of a Minnesota town and the highway patrol had no record of any 1960 Oldsmobile being stolen during the period involved, was not material and did not serve to controvert Benson's sworn statement that he had no knowledge of the taking of his automobile and had given no permission for such taking. The attached

letter of one Ebert was completely meaningless from the standpoint of acceptable evidence. Similarly, the affidavit of Cook stated no specific fact within the affiant's own personal knowledge which justified or supported his conclusions that the Oldsmobile was given with the owner's permission or that the boys were enroute on a joint venture for their parents. That affiant's further statement that the boys admitted the accident was their fault and they or their parents would take care of the damage was incompetent to bind the defendant Benson and was irrelevant and immaterial on the question of his liability. The same is true of the Bedsaul affidavit. That portion of the Bedsaul affidavit which said Mr. Benson's statements were untrue should have been stricken as that was a question solely for the court to decide. It is improper to permit a witness to say that another witness had stated an untruth. A further affidavit that plaintiffs' counsel had admitted the Benson automobile was stolen is, at best, only of cumulative value. Plaintiffs' counter-affidavit on that score did not contradict that the statement had been made, but merely explained it.

It is thus apparent that plaintiffs completely failed, by counter-affidavits, or otherwise, to set forth specific facts within the personal knowledge of the affiants which would be admissible in evidence to raise a material, genuine issue of fact, nor was it shown affirmatively that those affiants would be competent to testify to the matters stated therein. See Lieuallen v. Northern Utilities Company, Wyo., 368 P.2d 949, 952.

We agree with the statement in 6 Moore's Federal Practice, § 56.22, pp. 2327–2328 (2d ed.), which says:

"Affidavits containing statements made merely 'on information and belief' will be disregarded. Hearsay testimony and opinion testimony that would not be admissible if testified to at the trial may not properly be set forth in an affidavit. The affidavit is no place for ultimate facts and conclusions of law, nor for argument of the party's cause.
* * *"

And in 3 Barron and Holtzoff, Federal Practice and Procedure, Ch. 11, § 1237, pp. 164–167, it is said:

"Rule 56(e) provides that supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Under this provision, therefore, statements in affidavits as to opinion, belief, or conclusions of law are of no effect. The same is true of summaries of facts or arguments, and of statements which would be inadmissible in evidence as, for example, parol testimony to vary the terms of a written instrument. Hearsay statements contained in affidavits will not be considered in determining the motion. It has been held that since affidavits must be made upon personal knowledge, an attorney's affidavit is usually insufficient, unless he has personal knowledge of the facts.
* * *"

■ By supplemental brief, appellants suggest that we adopt the family purpose doctrine. In Sare v. Stetz, 67 Wyo. 55, 214 P.2d 486, this court expressly rejected that doctrine. We will not now recede from that holding.

Finding no error in the court's judgment, the same is affirmed.

Affirmed.