Lowell G. KIMBLE, Appellant
(Plaintiff below),

v.

Orval D. MULLER and Vince Dave Muller,
Appellees (Defendants below).

No. 3481.

Supreme Court of Wyoming.

Aug. 5, 1966.

Ernest Wilkerson, John E. Dobos, Casper, for appellant.

G. Joseph Cardine, Casper, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

Plaintiff's daughter was killed in an automobile accident while riding in a car driven by defendant Vince Dave Muller, a 17-year-old minor. Suit was brought against the driver and his father, Orval D. Muller. The district court granted summary judgment in favor of the father, and plaintiff has appealed from such judgment.

The sole issue in the appeal is whether there was, under the circumstances of this case, a genuine issue of fact as to actionable negligence on the part of the father. Appellant concedes the "family purpose doctrine" is not applicable in this state, and his claim is not based on such doctrine.

In oral argument, attorneys for appellant also made it clear appellant's theory is not based on ownership of the accident vehicle by the father but rather on negligent entrustment. In other words, appellant claims the father negligently put the vehicle in control of the boy.

Depositions and affidavits before the court, in connection with the father's motion for summary judgment, show without contradiction that the son had selected and purchased the automobile; that money was borrowed by the father at the bank to pay for it, the son being unable to borrow because a minor; that the boy worked at a drugstore and from his earnings made all payments and fully paid for the car; that he used it exclusively and paid for all insurance, gas, oil, repairs and maintenance; and that to facilitate financing and the obtaining of insurance the vehicle was registered in both the father's and the son's names.

An affidavit in opposition to the motion for summary judgment recited that within a few months prior to the fatal accident the son was convicted of speeding or careless driving three times, and that the father had knowledge of these offenses. Appellant therefore claims the son was an incompetent driver and the father was cognizant of the son's dangerous and reckless proclivities.

Counsel for the father counters with the argument that whether the son was or was not an incompetent driver is immaterial because there is a total absence of any evidence to show negligent entrustment. There were undisputed proofs before the court that at the time of the accident the father was at work, on a night shift at the oil refinery where he worked, so that he had no knowledge of the fact that his son was using the car.

Also, the father had previously instructed the son that he should use the car only for going to school and to work, and that he should not use it for other purposes without permission. At the time of the accident the car was being used by the son on a joy-riding venture, without the knowledge or permission of the father. The son was not on a mission of any kind for his father.

No persuasive authority has been shown to us for the proposition that the driver's father can be held liable for his son's accident, even if we assume all facts favorable to plaintiff's contentions can be proved. Indeed, the opinion of Chief Justice Riner in Sare v. Stetz, 67 Wyo. 55, 214 P.2d 486, inclines us toward the opposite view. In that case it was held a mother, although the registered owner of the automobile there involved, would not be liable for damages resulting from the negligence of her 18-year-old son while driving the automobile for his own purposes. The court said the son was the real owner of the car. It had been purchased for him as a present.

Appellant, in the case at bar, does not suggest we should reverse Sare v. Stetz. He argues only that Orval D. Muller had knowledge of his son's incompetency as a driver, as evidenced by convictions for traffic violations, and this circumstance makes a case substantially different from the one dealt with by Chief Justice Riner.

Of course, the convictions of young Muller for traffic violations came after his fa-

ther had assisted him in the purchase of an automobile. Also, the son had been licensed by the state and not by the father for the operation of motor vehicles, and the motor vehicle laws of the state provide when and under what circumstances a driver's license is to be suspended or revoked. See § 31–273, W.S.1957.

For us to hold the father in this instance liable for his son's negligence, because the father permitted the son to use the car, would be equivalent to holding that every parent is liable for every tort of a child. This would go beyond the limited tort liability which the legislature has undertaken to fix upon parents for certain damages, in § 1, ch. 73, S.L. of Wyoming 1965. Without attempting to say whether such section is constitutionally proper, it is sufficient to say it has no application as far as this case is concerned.

In all instances where a child commits a tort, it can be said the parent permitted it—in the sense that the parent did not by whatever means keep it from happening. The appellant, in the case at bar, is actually saying nothing more when he says Orval D. Muller put his son in control of the automobile at the time of the accident, or that the father entrusted the vehicle to the son.

In Cook Ford Sales, Inc. v. Benson, Wyo., 392 P.2d 307, 308; and in Farney v. Herr, Tex.Civ.App., 358 S.W.2d 758, 761, it was held a father is not liable for negligence of a son where the son has taken a vehicle without the knowledge or consent of the father and was not on any mission for the father. These cases are not essentially different from the case before us, since Orval D. Muller had instructed his son not to use the automobile for anything except to go to school and to go to work, unless he first obtained permission to do so.

The affidavits and depositions before the trial judge show there was no genuine issue as to a material fact, and the summary judgment must be affirmed.

Affirmed.