Imogene HARBIN, Petitioner,

v.

Stephen SEALE, Respondent.

No. B–2205.

Supreme Court of Texas.

Dec. 9, 1970.

McKool, McKool, Jones, Shoemaker & Turley, Windle Turley, Dallas, for petitioner.

Akin, Vial, Hamilton, Koch & Tubb, Fred S. Stradley and Robert H. Frost, Dallas, for respondent.

CALVERT, Chief Justice.

Petitioner, Imogene Harbin, plaintiff in the trial court, sued to recover damages for the death of her son who was killed while riding in the automobile of respondent-defendant Seale. Defendant pleaded the guest statute, Art. 6701b, Vernon's Tex.Civ.Stats., as a defense, but the jury found gross negligence on the part of the defendant, and returned a verdict favorable to plaintiff. The trial court, nevertheless, rendered judgment, notwithstanding the verdict, that the plaintiff take nothing, and the court of civil appeals affirmed. 454 S.W.2d 271. We reverse the judgments of the courts below and render judgment for the plaintiff.

Under Art. 6701b, supra, neither a guest in an automobile nor his wrongful death beneficiaries have a cause of action against the host-driver for damages caused by an accident on a street or highway un-

less the accident was caused intentionally or by the host's heedlessness or reckless disregard of the rights of others. When, as here, it is undisputed that the host did not intentionally cause the accident, a plaintiff, in order to recover damages from the host, must prove that the accident was caused by the host's heedlessness or reckless disregard of the rights of others; or, in other words, by the host's "gross negligence." Bowman v. Puckett, 144 Tex. 125, 188 S.W.2d 571 (1945). The term "gross negligence" has been defined as "that entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the right or welfare of the person or persons to be affected by it." Missouri Pacific Ry. Co. v. Shuford, 72 Tex. 165, 10 S.W. 408 (1888).

On the night in question, defendant Seale had escorted a young lady to a show and had returned her to her home at about 12:30 a. m., after which time he drove his car to a suburban shopping center where he met with two young friends, Jay Harbin and Richard Cox. The three young men, while talking in the parking lot, heard air escaping from a tire on Cox's car. Cox drove the car to a service station and was picked up by Harbin and Seale in Seale's car. The three then rode for about two hours through the residential area of the neighborhood. Seale was driving with Harbin in the front seat and Cox in the back. The fatal accident occurred on a curving street known as Epping Lane in the City of Dallas. After possibly hitting the curb, Seale lost control of the car which struck first a mail box and then a metal light pole with sufficient force to shear off most of the right side of the automobile. Harbin was killed outright.

The jury found in answer to special issues that Seale was negligent in driving his car at an excessive rate of speed, in failing to keep a proper lookout, in failing to turn his vehicle to avoid the collision, and in failing to timely apply his brakes; and found further that each of these acts was a proximate cause of the accident. The jury also found that the driving at an excessive speed constituted gross negligence, which was defined by the court as meaning "that entire want of care which would raise the belief that the omission complained of was the result of a conscious indifference to the rights or welfare of the person or persons to be affected by it." Jay Harbin was found to have failed to request respondent to slow the speed of his automobile and to have failed to leave the automobile when given the opportunity to do so, but the jury refused to find that these omissions constituted negligence.

Plaintiff filed a motion for judgment and defendant timely filed his motion for judgment non obstante veredicto. The defendant's motion was granted by the trial court upon the basis, in effect, that there was no evidence to support the submission of, nor the jury's answers to, the special issue on gross negligence. The court of civil appeals has affirmed the judgment on the same ground. The case comes to this court on one point of error complaining of the holding that there is in the record no probative evidence of gross negligence.

■ The law is clear in this state that before a trial court can render a judgment non obstante veredicto, based on the absence of evidence, it must determine that there is no evidence having probative force upon which the jury could have made the findings relied upon. Whiteman v. Harris, 123 S.W.2d 699 (Tex.Civ.App.—Fort Worth 1938, writ ref'd). In making this determination, all evidence must be considered in a light most favorable to the party in whose favor the verdict has been rendered, and every reasonable inference deducible from the evidence is to be indulged in such party's favor. Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194 (1952). Thus, the question before this court is whether there is evidence of probative force in the record which supports the jury's finding of gross negligence.

Defendant contends that the only finding of gross negligence in this case is predicated upon his driving at an excessive rate of speed, and that, as a matter of law, excessive speed alone cannot constitute gross negligence. We are not prepared to say that a finding of excessive speed alone will not support a finding of gross negligence; whether a finding of excessive speed alone will support a further finding of gross negligence must depend upon the surrounding facts and circumstances. Indeed, it is hard to imagine any case involving excessive speed alone. As so aptly stated in People v. Nowell, 45 Cal.App.2d Supp. 811, 114 P.2d 81 (Cal.App.1941),

> "If we wished to be pedantic we would note that speed is never 'in itself and alone.' Of necessity, when referring to the speed of an automobile, there is involved the highway on which it travels, with its width, surface and the presence or lack of traffic upon it. There is involved, too, the factor of visibility; was the car driven before or after dark? When considered in relation to these matters, mere speed, without other acts, may demonstrate willful misconduct or that the driving is reckless." 114 P.2d 82.

We have held that in determining whether a given act is so far heedless or wanton as to constitute gross negligence, we must look to the surrounding conditions and circumstances at the time and place the act was committed. Fancher v. Cadwell, 159 Tex. 8, 314 S.W.2d 820 (1958). As the quoted language from People v. Nowell points out, there are a number of things that must be considered in determining whether the act of driving at an excessive rate of speed constitutes gross negligence.

Some twelve cases are cited by the court of civil appeals and the respondent for their position that as a matter of law the excessive speed established in this case cannot constitute gross negligence. Six of the cases are no writ history cases which did not reach this court for review. They would be persuasive if the evidence introduced in such cases was essentially the same as the evidence here. Such is not the fact, however, and no good purpose would be served in analyzing each of such cases separately. The other six cases are Bowman v. Puckett, 144 Tex. 125, 188 S.W.2d 571 (1945); Rowan v. Allen, 134 Tex. 215, 134 S.W.2d 1022 (1940); McCarty v. Moss, 225 S.W.2d 883 (Tex.Civ.App.—Austin 1949, writ ref'd); Mayer v. Johnson, 148 S.W.2d 454 (Tex.Civ.App.—Amarillo 1941, writ dism'd jdgmt cor.); Linn v. Nored, 133 S.W.2d 234 (Tex.Civ.App.—Austin 1939, writ dism'd jdgmt cor.), and Crosby v. Strain, 99 S.W.2d 659 (Tex.Civ. App.—San Antonio 1936, writ dism'd). We do not regard any of the cited decisions as controlling.

Upon careful analysis of the six cases just cited, it is clear that the courts were looking at the speed under the *circumstances* [1] in determining that it did not constitute gross negligence. We find nothing in such cases to support the position of respondent that a finding of excessive speed can never support a finding of gross negligence. In Bowman v. Puckett, this court disagreed with the court of civil appeals which had held that evidence that the defendant drove his car at 75 to 90 miles per hour on a heavily traveled highway and business street within a city of 6,000 people, knowing that his brakes were defective, would not support a finding of gross negligence. The court stated:

> "In the instant case there is more than the mere fact of driving at a high rate of speed. There is also more than thoughtlessness or inadvertence. Respondent was driving at a very high rate of speed before he reached the limits of the city and he persisted in that course of action after he entered the city and until he was well within the business district.

> "It is true that respondent's conduct endangered his own life as well as that of his guest, that his guest was his

---

1. Emphasis ours throughout.

friend, and that finally he did endeavor to reduce the speed by applying the brakes. These are circumstances, not conclusive, to be considered with the other facts and circumstances that have been discussed in determining the issue of fact, whether respondent was acting in heedless or reckless disregard of the rights of others." 188 S.W.2d 575.

In Rowan v. Allen, the host was driving at a speed of 45 to 50 miles per hour on a city street in San Antonio. The court held that the evidence did not raise an issue of gross negligence "[b]earing in mind the relationship existing between the parties and all other surrounding circumstances, * * *" In McCarty v. Moss, the court held that an effort by the host to drive his automobile between two approaching cars while he was traveling at something less than 30 to 40 miles per hour on a wide city street was not gross negligence. In Mayer v. Johnson, the host was driving his automobile at approximately 80 miles per hour when an embankment suddenly loomed before him. The court noted that the host did not know of the embankment beforehand and promptly applied his brakes and concluded that the excessive speed under the circumstances was not gross negligence. In Linn v. Nored, the defendant, while traveling at a speed of 40 to 45 miles per hour, hit the rear end of a slow moving trailer truck which was being operated without tail lights during a rainstorm. The court held that "[f]rom this evidence the * * * reasonable mind could not conclude that appellee was guilty of anything more than ordinary negligence * * *." The evidence in Crosby v. Strain, showed that defendant was driving 50 to 55 miles per hour over a wavy, bumpy road when he bounced onto the shoulder, and that when he righted the car he was blinded by the glare of car lights in front of him and hit a bridge. The court held that " * * *, these facts would have warranted jury findings of negligence * * * but they [would] not warrant findings that such acts were so willful or wanton as to constitute a heedless and reckless disregard of the rights of others, * * *."

■ The facts in Bowman v. Puckett, supra, are highly analogous to the facts of the instant case. In this case there is testimony that Seale was driving at a minimum of 80 miles per hour, at night, on a narrow street in a residential area of the City of Dallas. The street curved and this was known by respondent who had traveled it many times. Homes were in close proximity to the street, the car traveled 650 feet after it first struck the curb and there was no evidence that respondent ever applied his brakes. We hold that this testimony is some evidence of probative force in support of the jury's finding that defendant was grossly negligent; therefore, the judgment notwithstanding the verdict was improperly rendered.

■ The court of civil appeals apparently based its conclusion on the fact that there was no evidence to suggest that respondent consciously drove his car into the curb, mail box, or light pole and that there was no evidence to suggest that his fast driving constituted a "continued or persistent course of action." In our opinion, it is not controlling that respondent did not consciously hit anything. What is controlling is that there is evidence that respondent *consciously* propelled his automobile at a speed of 80 miles per hour in the nighttime, while realizing the danger and knowing that he was approaching a curve on a narrow street in the middle of a residential area of town. There is certainly no evidence to suggest that the car reached its excessive speed inadvertently or due to some accident. It is not necessary in every case to show a "continuous or persistent course of conduct" in order to establish that the conduct of the driver amounts to gross negligence. Fancher v. Cadwell, 159 Tex. 8, 314 S.W.2d 820 (1958). The length of time that certain conduct is pursued is but one of the factors to be considered in determining the state of mind of the driver.

The judgments of the trial court and the court of civil appeals are reversed and judgment is here rendered on the jury's verdict that the plaintiff, Imogene Harbin, do have and recover of and from the defendant Stephen Seale, the sum of $4,673.-10, together with interest on such sum at the rate of six (6%) percent per annum from September 10, 1969 until paid, and all costs of suit.