Loraine McPHEARSON, Petitioner,

v.

James J. SULLIVAN, Respondent.

No. B–2383.

Supreme Court of Texas.

Jan. 27, 1971.

Rehearing Denied Feb. 24, 1971.

Hooper, Kerry & Chappell, David F. Chappell and James R. Weddington, Fort Worth, for petitioner.

Cantey, Hanger, Gooch, Cravens & Munn, Tolbert L. Greenwood, Fort Worth, for respondent.

DENTON, Justice.

Petitioner Lorain McPhearson brought this suit against James Junior Sullivan to recover damages for injuries suffered in an automobile accident. Mrs. McPhearson was a passenger and owner-driver Sullivan pleaded the "Guest Statute" in defense. The trial court granted defendant's motion for instructed verdict and the Court of Civil Appeals affirmed. 457 S.W.2d 583.

An automobile passenger has a cause of action for injuries, death or loss against an owner or operator of a vehicle when the injuries, death or loss are caused by the owner or operator's "heedlessness or his reckless disregard of the rights of others." Vernon's Tex.Civ.Stats., art. 6701 b, § 1. Heedlessness and reckless disregard as used in this statute have been equated with gross negligence. Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607 (1952). Gross negligence is "that entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the right or welfare of the person or persons to be affected by it." Missouri Pacific Ry. Co. v. Shuford, 72 Tex. 165, 10 S.W. 408

(1888); Bowman v. Puckett, 144 Tex. 125, 188 S.W.2d 571 (1945).

■ The question before the Court is whether there is any evidence to support a jury issue on gross negligence. Because the judge instructed a verdict for defendant-respondent, we must consider the evidence most favorably toward the plaintiff-petitioner. White v. White, 141 Tex. 328, 172 S.W.2d 295 (1943). We must indulge in every favorable inference that may properly be drawn which supports plaintiff's case. Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194 (1952); Texas Employers' Ins. Ass'n v. Boecker, 53 S.W.2d 327 (Tex.Civ.App.—Dallas 1932, writ ref'd). If there is some evidence which raises a fact issue of gross negligence the case must be remanded for jury determination of that controlling issue.

Loraine McPhearson, a mentally retarded lady, went to "Evelyn's Crow's Nest," a tavern in Fort Worth, around 1:00 P.M. on February 6, 1966, seeking employment. After she had been there a few hours she made arrangements with Sullivan for a ride home. Mrs. McPhearson had done part-time work for Sullivan's wife as a housekeeper and baby sitter. She alleged that Sullivan had driven her home on at least one other occasion. With Sullivan was a man named Leroy whom Sullivan introduced as his stepfather.

The trio left the Crow's Nest in Leroy's car and drove to a grocery store where Sullivan's car was parked. The record does not reflect the exact time these events occurred. However, it is uncontradicted the series of events under consideration occurred at night. Mrs. McPhearson bought a loaf of bread and the three got into Sullivan's car. With Sullivan driving they continued down the road on which the grocery store was located, past the intersection of the street on which Mrs. Mc-Phearson lived. She told Sullivan he was going the "wrong way" but he said nothing. Sullivan turned at another intersection and started going "pretty fast" out Boat Club Road toward Lake Worth. Mrs. McPhearson had never driven a car but she said that when a car goes fast, she gets scared and that she was scared when Sullivan was driving out Boat Club Road.

Mrs. McPhearson testified that she told Sullivan three or four times to slow down but his response to each admonition was an increase in speed. She also said "he was going zigzag across the road, on the right hand side and left hand side." The ride ended when the car ran off the road and collided with a culvert. Mrs. McPhearson received multiple injuries for which she sought damages in this suit.

The record also contains the testimony of two City of Fort Worth police officers specializing in reconstruction of automobile accidents. Their investigation revealed that Sullivan's car left the road at least once before the final impact, hitting a mailbox, returning to the paved surface for approximately three hundred feet, then going into a bar ditch and colliding with the culvert.

Defendant's motion for instructed verdict followed presentation of plaintiff's evidence and, being granted, it precluded presentation of any testimony in behalf of the defense except portions of a deposition of Sullivan which plaintiff read into the record. Sullivan confirmed that he had taken Mrs. McPhearson home previously.

His explanation for colliding with the culvert was that he was "sideswiped" by an oncoming car going one hundred miles per hour. He alleged his own speed to have been fifty miles per hour. He said the other car hit him "from the front fender to the back fender," knocking his car out of control. The investigating officers said there was no damage to the left side of Sullivan's car and both concluded that this was a one car accident. Mrs. Phearson also denied that an oncoming car caused the accident.

The Court of Civil Appeals has affirmed the trial court after demonstrating that

each individual act alleged to be an element of gross negligence could be no more than ordinary negligence. Perhap the court's analysis would be correct if only one of these acts were to be considered.

In a recent guest statute case this Court re-emphasized the test of Fancher v. Cadwell, 159 Tex. 8, 314 S.W.2d 820 (1958), saying we must look to the surrounding conditions and circumstances at the time and place the act was committed. Harbin v. Seale, 461 S.W.2d 591 (Tex.Sup.1970). Respondent Seale, the defendant driver, was claiming his judgment n. o. v. should be affirmed because "speeding alone" would not constitute gross negligence. The court said a number of things were to be considered in conjunction with the speed itself. The surrounding facts and circumstances, not just individual elements or facts, are determinative. See also, Bowman v. Puckett, 144 Tex. 125, 188 S.W.2d 571 (1945).

The facts in Harbin v. Seale, supra, are somewhat similar to the facts of the present case. In *Harbin*, the defendant drove eighty miles per hour on a narrow residential street at night, hit a curb, traveled 650 feet without slowing down and hit a mailbox and a metal light pole. In this case there is testimony that Sullivan, by his own admission, was traveling fifty miles per hour, and "real, real fast" according to the testimony of the petitioner; that the car zigzagged across the road from the right side to the left side; and, that it left the road and hit a mailbox, returned to the pavement, left the road again and struck a culvert some 350 feet down the road. These acts occurred after the petitioner had called Sullivan's attention to the fact he had passed her street and after petitioner had admonished Sullivan to slow down three or four times. Instead, Sullivan "went faster" when he was told to slow down. We are of the opinion that this testimony constitutes some evidence of probative force sufficient to raise the fact issue of gross negligence on the part of the de-

fendant below. We therefore conclude the trial court improperly granted defendant's motion for instructed verdict.

The judgments of the courts below are reversed and the cause is remanded for a new trial.