Gerald **RICKEY**, Appellant,

v.

Willard O'NEAL et al., Appellees.

No. 4674.

Court of Civil Appeals of Texas, Eastland.

March 22, 1974.

Carter, Jones, Magee, Rudberg, Moss & Mayes, Albert E. Andres, Dallas, for appellant.

Bader, Wilson, Menaker, Cox & Branson, Frank L. Branson, Dallas, for appellees.

McCLOUD, Chief Justice.

This is a guest statute case. Emily Sanford and husband, Gary Sanford, seek damages for personal injuries sustained by Emily Sanford while she was riding as a guest in an automobile driven by Robert Sturgess. Hazel Knight, the natural moth-

er of Emily Sanford, and Willard O'Neal, the former stepfather of Emily Sanford, seek damages for medical expenses incurred by Emily Sanford as a result of the occurrence. Sturgess was killed in the one car accident. Plaintiffs' suit was brought against Gerald Rickey as Administrator of the Estate of Robert Sturgess. In answer to special issues the jury found that Sturgess drove his automobile at an excessive rate of speed, failed to keep a proper lookout, and failed to timely apply his brakes. The jury further found that each of such negligent acts or omissions proximately caused the occurrence in question and that each act or omission constituted a heedless and reckless disregard of the rights of others. Judgment was entered for plaintiffs and defendant has appealed. We affirm.

Defendant contends there is no evidence of gross negligence, the gross negligence findings by the jury are factually insufficient, and such findings are against the great weight and preponderance of the evidence.

The thrust of defendant's argument is that there is no direct evidence of the driver's "subjective mental attitude." He argues that there is no direct evidence that Sturgess knew of the danger, and without such evidence, the findings of gross negligence must fall because such findings could only be reached by improperly basing one presumption upon another presumption.

The record reflects that the accident occurred approximately five miles east of Terrell. The investigating officer and an accident reconstruction expert testified that Sturgess was driving at least 90 miles per hour when he reached the curve in the highway where the accident occurred. A warning sign was located approximately ¼ of a mile before the curve. The sign advised traffic to enter the curve at a speed of 40 miles per hour. The weather was clear and the curve was visible without regard to the warning sign. The record contains evidence that the automobile was unable to negotiate the curve because of its fast rate of speed. There was testimony that a vehicle passing the warning sign at 90 miles per hour could slow to 40 miles per hour before reaching the curve. The evidence showed that the driver did not apply his brakes until he entered the curve and started losing control of the vehicle.

Under Article 6701b, Vernon's Ann.Tex. Civ.Stats.,[1] a guest has a cause of action for injuries, death or loss against an operator of a vehicle when the injuries, death or loss are caused by the operator's "heedlessness or his reckless disregard of the rights of others." Heedlessness and reckless disregard as used in the statute have been equated with gross negligence and defined as, "that entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the right or welfare of the person or persons to be affected by it." McPhearson v. Sullivan, 463 S.W.2d 174 (Tex.Sup.1971).

In determining if there is evidence of gross negligence, we must look to the surrounding conditions and circumstances at the time and place the act was committed. Harbin v. Seale, 461 S.W.2d 591 (Tex.Sup.1970); Fancher v. Caldwell, 159 Tex. 8, 314 S.W.2d 820 (1958).

In Benevides v. Peche, 460 S.W.2d 207 (Tex.Civ.App. San Antonio 1970, writ ref. n. r. e.), the court stated that gross negligence may be:

" . . . established by evidence of an act of such quality or kind of conduct as to show that the driver was consciously indifferent to the rights or welfare of his passenger as well as others."

We do not agree with defendant that the gross negligence findings must be set aside because there is no direct evidence that the driver knew of the danger.

---

1. The 1973 Amendment to Article 6701b by the 63rd Legislature is not applicable since the cause of action arose in 1968.

Defendant's contention would effectively preclude a finding of gross negligence in most of those cases where, as here, the host-driver was killed in the accident. In such cases the injured guest would not be permitted to testify as to the deceased driver's mental attitude or knowledge because such evidence would constitute a transaction with the deceased. Article 3716, Vernon's Tex.Civ.Stats.; Grant v. Griffin, 390 S.W.2d 746 (Tex.Sup.1965). We do not feel that in order to prove gross negligence it is essential in every case to show by direct evidence the subjective mental attitude or knowledge of the host-driver. As observed in Benevides v. Peche, supra, some acts are of such quality or kind as to show that the host was consciously indifferent to the rights and welfare of his guest.

■ The evidence shows that Sturgess consciously accelerated his automobile at a speed of at least 90 miles per hour into a clearly visible curve after passing a sign approximately ¼ mile from the curve warning motorists to enter the curve at a speed of 40 miles per hour. The record also reflects that the host did not apply his brakes until he entered the curve and lost control of the automobile. As observed in Harbin v. Seale, supra, there is "certainly no evidence to suggest that the car reached its excessive speed inadvertently or due to some accident."

We hold that the acts or omissions of Sturgess were of that quality or kind which showed he was consciously indifferent to the rights and welfare of Emily Sanford, and such acts or omissions constituted some evidence of gross negligence. McPhearson v. Sullivan, supra; Harbin v. Seale, supra; Fancher v. Caldwell, supra; Benevides v. Peche, supra, and Hanks v. LaQuey, 425 S.W.2d 396 (Tex.Civ.App. Austin, 1968, writ ref. n. r. e.).

We have examined the entire record as required by In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951), and hold that the findings of gross negligence are not factually insufficient nor are such findings against the great weight and preponderance of the evidence.

Rogers v. Blake, 150 Tex. 373, 240 S.W. 2d 1001 (1951) and Bryant v. Adair, 490 S.W.2d 950 (Tex.Civ.App. Eastland 1973, writ ref. n. r. e.) relied upon by defendant are distinguishable. The evidence in each case showed only a momentary thoughtlessness or inadvertance.

We also disagree with defendant's contention that in McPhearson v. Sullivan, supra, and Harbin v. Seale, supra, there was direct evidence that the drivers knew of the danger. It is clear in *McPhearson,* from both the Court of Civil Appeals opinion and the Supreme Court opinion, that the driver's position was that he had not driven improperly. We think the same can be said for the driver in *Harbin.* The Court of Civil Appeals opinion in *Harbin* reflects that the driver estimated his speed at only 40 miles per hour when he first hit the curb. The excessive speed was established by investigators who examined the physical facts. We find nothing in either case to convince us there was direct evidence that the drivers knew of any danger. We do not interpret the Supreme Court's statement in *Harbin,* "while realizing the danger," to mean there was direct evidence the driver was aware of the danger. We think the statement means the driver was charged with such knowledge because of the surrounding conditions and circumstances.

Direct evidence of the subjective mental attitude and knowledge of a host-driver, when admissible, is an important factor to be considered in determining gross negligence. We do not, however, believe that such direct evidence is essential in every case. The surrounding conditions and circumstances at the time the act or omission was committed may show, without any direct evidence of the driver's mental attitude or knowledge, that the act or omission was of such quality or kind as to show that the driver was consciously indifferent to

the rights or welfare of his guest as well as others.

We have considered all points of error and all are overruled. The judgment of the trial court is affirmed.