**James R. BROWN et ux., Appellants,**

**v.**

**Gordon R. POWELL, Appellee.**

**No. 986.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 17, 1974.

Rehearing Denied May 8, 1974.

D. Brooks Cofer, Jr., Cofer & van Overbeek, Bryan, for appellants.

James R. Roos, Painter & Painter, Houston, William R. Vance, Bryan, for appellee.

CURTISS BROWN, Justice.

This is a wrongful death case under the Texas guest statute.

Stephen Brown, the son of appellants, was killed in a one-car collision, while riding as the guest of Michael Powell, the son of appellee. Michael Powell was also killed in the accident. Appellants brought this wrongful death action against appellee Powell on a negligent entrustment theory. Trial was to a jury, but the trial court granted judgment non obstante veredicto for appellee.

On the night of the fatal accident, April 28, 1970, Michael Powell was driving a family car. His passengers were Stephen Brown and James Robison. There is no dispute that they were guests under the Texas guest statute, Vernon's Tex.Rev.

Civ.Stat.Ann. art. 6701b (1969).[1] The accident occurred on a two-lane section of State Highway 30. It was an unpopulated, heavily wooded area, and the highway was, therefore, very dark. From testimony of Robison and the investigating officer, Officer Flanagan, the accident can be roughly reconstructed. Robison was sleeping in the front passenger seat. Stephen Brown was lying on the back seat, probably asleep. Robison awoke hearing gravel hitting under the car. He realized the car was moving off the road to the right and looked up to see Michael Powell turn the steering wheel sharply to the left. This is all he was able to remember from the accident. From tire marks at the scene, Officer Flanagan testified that after the swerve to the right for 70 feet, the car skidded back across the road for some 105 feet, went off the road on the left, turned over and bounced through a gully once or twice for 240 feet, and finally struck a tree. Just before the spot where the car left the road on the right, the highway goes over a small hill and, just over the crest, takes a slight curve to the left. There was testimony that this was a very gradual curve and that there was no sign warning of the curve or instructing reduced speed.

In response to special issues, the jury found that Michael Powell was a reckless and incompetent driver and that his father should have known that fact. It found that he was speeding at the time of the accident, that he acted with heedless and reckless disregard for the rights of others (gross negligence), and that this was a proximate cause of the occurrence. We affirm the judgment non obstante veredicto of the trial court on the basis that there was no evidence to support the finding of gross negligence.

■ Recovery by a guest passenger requires a showing that the host driver was guilty of gross negligence or that he intentionally caused the accident. McPhearson v. Sullivan, 463 S.W.2d 174 (Tex.Sup.1971); Harbin v. Seale, 461 S.W.2d 591 (Tex.Sup.1970); Bowman v. Puckett, 144 Tex. 125, 188 S.W.2d 571 (1945). Under the Texas cases, evidence of excessive speed can support a finding of gross negligence when taken together with other circumstances such as knowledge of mechanical defects, known traffic hazards such as sharp curves or railroad crossings, driving in a residential or heavily populated area, and poor visibility. McPhearson v. Sullivan, *supra;* Harbin v. Seale, *supra;* Fancher v. Caldwell, 159 Tex. 8, 314 S.W.2d 820 (1958). This accident occurred at night. There was no showing that Michael Powell knew of the curve, and it was affirmatively shown that it was not hazardous. Since Robison was asleep and the other two boys died, there is no subjective evidence pointing to conscious disregard for the rights of others on the part of Michael Powell. Even the evidence of excessive speed is weak. Appellee contends that it amounts to no evidence, but we need not reach that question. We are of the opinion that assuming excessive speed was shown, under all the facts and circumstances, Michael Powell was not shown to be guilty of gross negligence. Appellants failed to make a prima facie case, and judgment non obstante veredicto was therefore correct.

Affirmed.

1. Amended by Tex.Laws 1973, Ch. 28, Sec. 3, at 42, effective September 1, 1973.