Solomon E. SIEBENLIST, Petitioner,

v.

Danny Ray HARVILLE, Respondent.

No. B–8671.

Supreme Court of Texas.

Feb. 20, 1980.

Rehearing Denied. April 23, 1980.

Lemon, Close, Atkinson, Shearer & McCutcheon, Robert D. Lemon and Otis C. Shearer, Booker, for petitioner.

Stokes, Carnahan & Fields, Thomas D. Farris, Amarillo, for respondent.

GREENHILL, Chief Justice.

In this rear-end automobile collision case, we hold that the trial court correctly submitted broadly the question of gross negli-

gence. We reverse the judgment of the court of civil appeals which held the submission to be erroneous. 582 S.W.2d 621.

The action was initiated by Solomon Siebenlist against Danny Harville. The case was submitted to the jury under the check list procedure authorized by Rule 277, Texas Rules of Civil Procedure. The jury found Harville guilty of negligence as to speed, acceleration, control, brakes, and directing his vehicle. Each act of negligence was found to be a proximate cause. A separate issue was given as to Harville's failure to keep his vehicle on the right half of the road. The jury found that he did not, and that this was also a proximate cause.

The jury was then asked whether the manner in which Harville operated his vehicle "was a heedless and reckless disregard of the rights of others affected by it." The issue was followed by a definition of "heedless and reckless disregard," of which there is no complaint.[1] The jury answered the issue in favor of the plaintiff,—that there was a heedless and reckless disregard.

Judgment was rendered against Harville for actual damages, and $10,000.00 of exemplary damages. There was no complaint as to the findings and damages based on ordinary negligence. The court of civil appeals reversed the judgment of the trial court because of the global submission of the gross negligence issue. The basis of that action was this Court's opinion in *Scott v. Atchison, Topeka & Santa Fe Ry. Co.,* 572 S.W.2d 273 (Tex.1978). That case will be discussed below.

The facts are these. On a Sunday afternoon in Follette, Texas, the streets were wet and slippery. Harville had a 1976 Pontiac Trans-Am with a 455 cubic inch motor and "four on the floor;" i. e., a four speed gear shift. It was a sports car capable of rapid acceleration.

---

1. The court's charge stated:

"Heedless and reckless disregard" means more than momentary thoughtlessness, inadvertence, or error of judgment. It means such an entire want of care as to indicate

that the act or omission in question was the result of conscious indifference to the rights, welfare, or safety of the persons affected by it.

Harville had been seen driving the streets of Follett for some time before the accident. Immediately before the accident, Harville was "dragging" Follett's main street. A witness estimated the speed at 50 miles per hour.

Siebenlist had been having a cup of coffee at the Royal Inn and had returned to his parked car on Main Street.

Then Harville drove by the Royal Inn in a southerly direction and made a U-turn at the end of the block. As Harville accelerated in coming out of the U-turn, his car skidded on the slick street. Harville's car went diagonally across the street and smashed into the Siebenlists' parked car. The force of the impact was sufficient to knock Siebenlist's car into another parked car. Harville testified that he did not attempt to "brake" his car because he had been taught not to brake when his car was in a skid. He said he was going only 15 miles per hour when he hit Siebenlist's car, but two witnesses testified that he was going 40 miles per hour.

Harville admitted that he pleaded guilty to "reckless driving;" i. e., "in a willful or wanton disregard of the rights or safety of others, at a speed so as to endanger, or which was likely to endanger persons or property . . .." The complaint was admitted into evidence without objection.

As stated, the court of civil appeals reversed the judgment of the trial court because of our holding in *Scott v. Atchison, Topeka & Santa Fe Ry. Co.*, 572 S.W.2d 273 (Tex.1978). There we held a global submission of negligence to be reversible error because of "the wide variance between the pleadings and unpled facts and circum-

stances from which the jury could have inferred that the railroad was negligent."

In *Scott*, an F.E.L.A. case, the plaintiff first alleged only that the railway failed to furnish him a safe place to work. The railway excepted to require the plaintiff to be more specific. The plaintiff amended to allege that the roadbed was improperly constructed. At trial, there was no evidence that the roadbed had been improperly constructed. There was evidence, beyond the pleadings, that the railway had ample warning of an unprecedented rainstorm; that it had the means to warn the train crew of the storm, and that it did not warn them; that the storm caused a creek to flood, and the roadbed tracks were washed out, thus causing the derailment and injury. There was evidence, also outside the pleadings, of excessive speed and of failure properly to apply the brakes. The court reasoned that the jury's answer to the one global issue of negligence could well have been based on the unpleaded acts of negligence. The court, therefore, held that the broad issue was a violation of that part of Rules 277 and 279, Texas Rules of Civil Procedure, which requires issues to embrace "the written pleadings and the evidence."

In this case, Siebenlist pleaded that Harville was grossly negligent in the manner in which he drove his car. His description of the manner in which Harville drove his car closely parallels the proof at trial.[2] We, therefore, hold that Scott is distinguishable and that it does not control this case.

Unlike *Scott*, there were pleadings and proof of the acts of negligence contributing to the accident.[3] The court of civil appeals, therefore, erred in holding that the trial

---

2. Siebenlist's petition stated:

    Danny Harville drove his vehicle on the occasion in question in heedless and reckless disregard for the rights of others, and was grossly negligent. He consciously propelled his automobile with excessive acceleration and at an excessive rate of speed in the u-turn, fully realizing the danger and knowing that other vehicles were using, and parked upon, the street. He made no attempt to "brake" his car, and his tires were still spinning when his automobile collided with the Plaintiff's vehicle.

3. We are not to be understood as holding that a broad submission of an issue will be reversed simply because one or more acts which contributed to the injury was not particularly pleaded or proved. *Scott* was reversed because of the "wide variance" between the pleadings and proof forming the basis of the broad submission. For a discussion of a fatal variance between the pleadings and proof, see *Stone v. Lawyers Title Insurance Corp.*, 554 S.W.2d 183 (Tex.1977).

court could not submit the issue of gross negligence broadly.

As this Court wrote in *McPhearson v. Sullivan*, 463 S.W.2d 174 (Tex.1971), all of the facts, circumstances and conditions are to be looked to in determining gross negligence. "The surrounding facts and circumstances, not just individual elements or facts, are determinative." 463 S.W.2d at 176.

The *McPhearson* case cited and relied upon *Harbin v. Seale*, 461 S.W.2d 591 (Tex.1970). In *Harbin*, it was contended that speed alone could not constitute gross negligence. It was held that not simply the speed of the car, but speed with all the surrounding circumstances could, and did, support a finding of gross negligence. In *Harbin*, the defendant was driving 80 miles per hour at night on a narrow street in a residential area of Dallas. The driver struck a curb and did not apply his brakes.

The court of civil appeals reversed the judgment of the trial court because of what it regarded as an improper global submission of the gross negligence issue. Its opinion states that it, therefore, found it unnecessary to pass on Harville's other points. One of the points was that there was insufficient evidence to support the affirmative finding on the gross negligence issue. That court's opinion stated that it found that there was sufficient evidence only as to speed. The cause will, therefore, be remanded to the court of civil appeals to pass upon the sufficiency of the evidence on the gross negligence issue under all the facts and circumstances, including speed.

The judgment of the court of civil appeals is reversed, and the cause is remanded to that court for the purpose herein expressed.