Larry Dean CLEMENTS,
Plaintiff-Appellee,
Cross-Appellant,

v.

J.R. (Bob) STEELE, Jr., etc., et al., Defendants,

Circle M Well Servicing Co., Inc.,
Defendant-Appellant,
Cross-Appellee.

No. 85–2126.

United States Court of Appeals,
Fifth Circuit.

June 23, 1986.

Andy Tindel, Charles H. Clark, Tyler, Tex., for defendant-appellant cross-appellee.

Lester R. Buzbee, Houston, Tex., for plaintiff-appellee cross-appellant.

Before CLARK, Chief Judge, and DAVIS, Circuit Judge.*

* Due to his death on March 27, 1986, Judge Albert Tate, Jr. did not participate in this decision. The petition for rehearing is being decided by a quorum. 28 U.S.C. § 46(d).

## ON PETITION FOR REHEARING

(Opinion April 7, 1986, 5th Cir.1986, 786 F.2d 673)

CLARK, Chief Judge:

Larry Clements sued his employer, J.R. (Bob) Steele, Jr. (Steele), and Circle M Well Servicing Company (Circle M), seeking damages for injuries he received in a work-related accident. The trial court directed a verdict for Circle M and dismissed Circle M from the remainder of the case. Clements ultimately recovered a judgment of $52,-743.69 against Steele.

On appeal, this court affirmed the judgment against Steele, but reversed and remanded for a new trial on the issue of Circle M's liability. At the second trial, a jury awarded Clements $665,000 compensatory damages and $100,000 punitive damages. The trial judge reduced the compensatory damages by Clement's twenty percent negligence, and entered a judgment of $632,000 against Circle M. On a second appeal, we held that the first trial finally determined the amount of compensatory damages due Clements and that the evidence was insufficient to support the second jury's finding that Circle M was grossly negligent. We vacated the judgment, and remanded with directions for the entry of a new judgment against Circle M in the amount of $52,743.69, as determined in the first trial. *Clements v. J.R. (Bob) Steele, Jr.*, 786 F.2d 673 (5th Cir.1986).

On petition for rehearing, Clements now challenges our reversal of the $100,000 punitive damages award he received against Circle M in the second trial. Clements makes two arguments: (1) Circle M's acts of ordinary negligence, considered collectively, constitute the gross negligence necessary to support the punitive damages award; and (2) the record contains evidence to support the jury's finding that Circle M was grossly negligent in failing to provide safe or suitable equipment. We deny the petition for rehearing, but address Clement's contentions here.

■ Clements claims that under Texas law a showing of conscious indifference to the safety of others is not always necessary to support a finding of gross negligence. Clements asserts that separate acts of ordinary negligence may collectively constitute gross negligence, and that Circle M's negligent acts do so here. He argues that the panel erroneously failed to consider this standard for proving gross negligence. The authorities on which Clements relies, however, do not support this proposition.

*Burk Royalty Company v. Walls*, 616 S.W.2d 911 (Tex.1981), sets out current Texas law concerning gross negligence and punitive damages. *Burk* defines gross negligence as "that entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the right or welfare of the person or persons to be affected by it." *Id.* at 920 (citation omitted). According to *Burk*, "[t]he plaintiff must show that the defendant was consciously, i.e., knowingly, indifferent to his rights, welfare and safety. In other words, ... that the defendant knew about the peril, but his acts or omissions demonstrated that he didn't care." *Id.* at 922. The "mental attitude of the defendant" is what turns ordinary negligence into gross negligence. *Id.* *Burk* also held that the defendant's state of mind may be inferred from actions and circumstances. Proof by direct evidence is not always required. *Id.*

*Williams v. Steves Industries, Inc.*, 699 S.W.2d 570 (Tex.1985), on which Clements relies, expressly reaffirms *Burk*'s holdings. *Id.* at 572–73. *Williams* states that "a plaintiff may objectively prove a defendant's gross negligence by proving that under the surrounding circumstances a reasonable person would have realized that his conduct created an extreme degree of risk to the safety of others." *Id.* at 573. *Williams* does not hold, however, that acts of ordinary negligence may combine to produce gross negligence without proper proof of the defendant's state of mind.

*Aetna Casualty & Surety Co. v. Marshall*, 699 S.W.2d 896 (Tex.Ct.App.1985), does state that single acts of ordinary negligence may become "elements" that "collectively constitute[] gross negligence."

*Id.* at 903. *Aetna* relies primarily on *Burk,* however, and makes this statement in the context of the *Burk* standards. *See id.* at 903–04. The *Aetna* court quotes the *Burk* definition of gross negligence, and then holds that record evidence of the defendant's acts of ordinary negligence demonstrated that the defendant was "consciously indifferent" to the plaintiff's rights. *Id.* at 903. Aetna does not support Clements's argument.

The one other case on which Clements relies for this point, *McPhearson v. Sullivan,* 463 S.W.2d 174 (Tex.1971), was decided before *Burk. McPhearson* sets out and follows the same "conscious indifference" definition of gross negligence that *Burk* later settled firmly as Texas law. *Id.* at 174, 176.

■ Proof of the defendant's state of mind is necessary to support a finding of gross negligence and an award of punitive damages under Texas law. Clements's assertion that ordinary acts of negligence may constitute gross negligence without this element of "unconscious indifference" is erroneous.

■ Clements also asserts that the panel incorrectly held that the evidence of record was insufficient to support the jury's finding that Circle M was grossly negligent in "fail[ing] to provide safe and/or suitable equipment with which to work." In support of that holding, we stated that the record contained no testimony that it is an "uncommon or improper practice" for companies such as Circle M to use equipment already in the unloading yard rather than providing their own. *Clements,* at 677.

Clements argues that the following testimony of Gary Jones, Vice-President of Operations for Arrow Trucking Company, provides evidence that borrowing equipment is an improper practice.

Q. Do you inspect your equipment before you use it out there?

A. Yes, sir.

Q. Would this be especially true if you happened to borrow a piece of equipment from someone? Would your crew inspect that before they used that piece of equipment?

A. I'd never be in that situation, sir.

Q. If you had a job, you design your own tools?

A. I have leased equipment on occasion from heavy equipment companies, but, yes, it is inspected thoroughly before we take possession of it, by us and the leasing company itself.

This testimony does not establish that it is an uncommon or improper practice for companies like Circle M to borrow equipment. Jones's statements pertain to a company's duty to inspect equipment before using it. The jury specifically found that Circle M was not grossly negligent in "utiliz[ing] equipment without first inspecting for suitability and to ensure compliance with safety regulations." Jones's testimony does not provide sufficient evidence to support a finding of gross negligence on the basis of "fail[ure]" to provide safe and/or suitable equipment."

The petition for rehearing is

DENIED.