11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

John G.
Kelley

Appellant

Vs.                   No.  11-03-00278-CV -- Appeal from Howard County

A. E.
Kelley

Appellee

 

This appeal arises from an action to rescind a
series of conveyances made by an elderly man to his son.  The items conveyed consisted of a commercial
building, the inventory located within the building, two automobiles, and
various liens and notes.  Appellee, A. E. Kelley, alleged several theories for
invalidating the conveyances, including lack of assent, breach of trust, breach
of fiduciary duty, and fraud.  At the
conclusion of a bench trial, the trial court nullified the conveyances based
upon its determination that appellant, John G. Kelley, procured the conveyances
by fraud.  The trial court also entered
judgment awarding appellee attorney=s fees of $4,500.00 and exemplary
damages of $50,000.00.  Appellant attacks
the trial court=s
judgment in three issues.[1]  We affirm.

The challenged conveyances occurred in May and
June of 2002.  Appellee
was in his nineties at the time of the conveyances and in poor physical
health.  He suffered serious vision
problems which made him unable to read documents.  In spite of his advanced age and health
problems, appellee actively acquired and conveyed
residential rental properties as a means of support during this period.  As a result of his vision problems, appellee depended on others to read documents to him which
were prepared for his execution.    








The conveyances which are at issue in this appeal
arise from business dealings between appellee and Tim
Ortega.  The first transaction between appellee and Ortega involved the sale of a farm to Ortega
in the late 1990s.  Later transactions
involved Ortega doing repair work on appellee=s rental properties and appellee loaning various sums to Ortega.  Appellee
subsequently loaned Ortega funds to acquire a business known as AThe Carpet Center.@ 
Appellee purchased a building for the business
which he rented to Ortega.  Appellee also purchased inventory and equipment for Ortega
which Ortega agreed to pay for with revenues generated by the business.  

A disagreement developed between appellee and Ortega regarding Ortega=s
repayment of the money advanced by appellee for the
purchase of the business.  The parties
disputed the extent of this disagreement at trial.  Appellee testified
that the disagreement he had with Ortega was minor.  The trial court determined that appellee=s
disagreement with Ortega was significant based on a tape recording offered into
evidence by appellant. 

Appellant eventually intervened in the
disagreement between his father and Ortega. 
Prior to March of 2002, appellant resided in Oregon and California.  Appellee and
appellant=s mother
were divorced in 1957.  Appellee testified that he had seen appellant approximately
five times over a 45-year span.  Appellee and appellant began having more contact in the
1990s.  Appellee
gave appellant $50,000.00 in 2002.  Appellee also gave his other son $50,000.00 at the same
time.  Appellant testified that he came
to Big Spring in March of 2002 in order to invest the $50,000.00 in the town
where appellee lived.    

Appellant presented appellee
with several documents in May and June of 2002 for execution which conveyed appellee=s
interests in various items of property to appellant.   Appellee testified
that appellant told him that the purpose of the documents was to permit
appellant to look through appellee=s records and Astraighten
out@ appellee=s dealings with Ortega.  The documents consisted of a warranty deed
for the building which housed the Carpet Center, a bill of sale for the
inventory and equipment of the Carpet Center as well as all of Ortega=s indebtedness to appellee,
a bill of sale transferring a lien on an automobile, and two documents
transferring title to two vehicles. 
Appellant prepared the deed and bills of sale on his computer.  He also transported appellee
to notaries who acknowledged appellee=s execution of the documents.  Appellee testified
that the value of the property conveyed to appellant amounted to
$90,000.00.  The documents recited that
the consideration consisted of ATen
and No/100 Dollars ($10.00) and other good and valuable consideration.@ 
In addition to attempting to tender $10.00 to appellee
for each of the documents, appellant testified that the remaining consideration
consisted of the benefit his father would derive from being separated from
Ortega.  








Appellant took the position at trial that he owned
the property conveyed in the challenged documents free and clear of any claim
asserted by appellee. 
Appellant specifically denied that he held the property in trust for his
father.   Despite his assertion of
complete ownership at trial, appellant executed a document shortly after the
conveyances occurred wherein he agreed to reconvey
the property back to his father as follows:

The
undersigned [appellant] agrees to sell the property known commonly as AThe Carpet Center,@ back to [appellee
and appellee=s
wife] at some time in the future when all of my claims against [Ortega]
regarding both personal and real property are, in all respects, settled and the
Carpet Center is secured from the possession and claims of Ortega, his assigns
and heirs.

 

The price of the Carpet Center will be the
original sales price plus all costs and expenses incurred in obtaining and
maintaining full and clear possession, all taxes and costs paid during my
possession and compensation in the amount of $60.00 per hour for time and
effort spent in obtaining and maintaining possession and for maintenance,
repair and improvement of the premises as I deem appropriate.

 

s/ [Appellant] 

 

The trial court entered 17 findings of fact.  Among other things, the trial court found
that appellant caused appellee to execute the
challenged conveyance documents.  The
trial court also found that appellant made false representations of fact in
connection with the execution of the documents. 
The trial court further determined that appellant=s
false representations were made for the purpose of inducing appellee
to execute the documents and that appellee relied on
these representations in executing the documents.








Appellant globally attacks the sufficiency of the
evidence supporting all of the trial court=s
findings in his first issue.  We assume
that appellant is challenging both the legal and factual sufficiency of the
evidence supporting the trial court=s
findings.  The standards that apply to a
review of jury findings also apply to findings made by the trial court after a
bench trial.  Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex.1994).   To review the legal sufficiency of the
evidence, the appellate court must consider all the evidence in the light most
favorable to the prevailing party and must indulge every reasonable inference
in favor of the prevailing party.  Associated
Indemnity Corpo-ration v. CAT Contracting, Inc.,
964 S.W.2d 276, 285-86 (Tex.1998); Merrell Dow Pharma-ceuticals,
Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.1997), cert.
den=d, 523
U.S. 1119 (1998);  Harbin v. Seale,
461 S.W.2d 591, 592 (Tex.1970).  Any
evidence supporting the finding that is of probative value and that is more
than a scintilla is legally sufficient to uphold the finding.  Leitch v.
Hornsby, 935 S.W.2d 114, 118 (Tex.1996); 
see Merrell Dow Pharmaceuticals, Inc. v. Havner,
supra.  In order to determine if
the evidence is factually sufficient, we must review all of the evidence and
determine whether the challenged finding is so against the great weight and
preponderance of the evidence as to be manifestly unjust.  Pool v. Ford Motor Company, 715 S.W.2d
629 (Tex.1986); In re King=s
Estate, 244 S.W.2d 660 (Tex.1951).

Appellant bases his evidentiary challenges on the
grounds that appellee=s
trial testimony was not credible. 
Appellant has gone to great lengths in his brief to identify
inconsistencies which he perceived in appellee=s testimony.  He contends that the trial court should have
rejected all of appellee=s
testimony based upon these alleged inconsistencies.  A witness=
credibility is not an appropriate matter for an appellate court to
determine.  The fact finder, whether jury
or trial court in a bench trial, is the sole judge of the credibility of the
witnesses and the weight to be given their testimony. Leyva
v. Pacheco, 358 S.W.2d 547, 549 (Tex.1962). The fact finder may believe one
witness and disbelieve another. McGalliard
v. Kuhlmann, 722 S.W.2d 694, 697 (Tex.1986). The
fact finder resolves inconsistencies in testimony. McGalliard
v. Kuhlmann, supra at 697. 

Appellee testified that
appellant made the representation that the documents would merely assist appellee in dealing with Ortega as opposed to documents
which would convey appellee=s
property to appellant.  This evidence
constituted both legally and factually sufficient evidence supporting the trial
court=s
judgment.  Where enough evidence is
before the fact finder that reasonable minds could differ on the meaning of the
evidence or the inferences and conclusions to be drawn from the evidence, we
may not substitute our judgment for that of the fact finder.  Herbert v. Herbert, 754 S.W.2d 141,
144 (Tex.1988).  Appellant=s first issue is overruled.

 In his
second issue, appellant asserts that the trial court did not enter sufficient
findings to support an award of exemplary damages.  Specifically, appellant asserts that the
award of exemplary damages is precluded by TEX. CIV. PRAC. & REM. CODE ANN.
' 41.004(a) (Vernon Supp. 2004 - 2005)
because appellee did not recover actual damages
against him.  Appellant also contends
that the award of exemplary damages is precluded by the trial court=s failure to enter a finding of
malice.  








The trial court noted in its conclusions of law
that it made the award of exemplary damages as a result of appellant=s Astatutory
fraud.@  TEX. BUS. & COM. CODE ANN. ' 27.01 (Vernon 2002) establishes a
statutory cause of action for fraud in transactions involving real estate.  The statute provides that a false
representation of a past or existing 
material fact constitutes fraud when it is made to a person for the
purpose of inducing him or her to enter into a contract and it is relied upon
by that person in entering into that contract. 
Section 27.01(a)(1).  A person who
makes a false representation which constitutes fraud under the statute is
liable for the defrauded person=s
actual damages.  Section 27.01(b).  A person making a fraudulent representation
under the statute that has actual
awareness of the falsity is also liable for exemplary damages.  Section 27.01(c).   The trial court made affirmative findings on
each of these elements.

Section
41.004(a) provides that Aexemplary damages may be awarded only if
damages other than nominal damages are awarded.@
 While appellee
did not recover monetary damages against appellant, he obtained an equitable
recovery based upon appellant=s fraud by virtue of the trial court
rescinding the challenged conveyances. 
The Austin Court of Appeals held in Scott v. Sebree,
986 S.W.2d 364, 367-369 (Tex.App. - Austin 1999, pet=n den=d), that equitable remedies are recoverable
as Aactual damages@ under Section 27.01.  We agree with the court=s reasoning in Scott.   The trial court=s order rescinding conveyances of property
worth approximately $90,000.00 constituted a recovery permitted under Section
27.01 which was more than mere nominal damages.  

With
respect to appellant=s complaint about the lack of a Amalice@ finding, TEX. CIV. PRAC. & REM. CODE
ANN. ' 41.003(a) (Vernon Supp. 2004 - 2005)
provides that a recovery of exemplary damages is permitted based upon a finding
of fraud in addition to a finding of malice.  
Furthermore, the trial court found that appellant made the false
representations with actual awareness of the falsity thereof as required by
Section 27.01(c) for an award of exemplary damages.  See
TEX. CIV. PRAC. & REM. CODE ANN. ' 41.003(c) (Vernon Supp. 2004 - 2005).
Appellant=s second issue is overruled.








In his
third issue, appellant argues that the amount of exemplary damages awarded
against him was excessive.  We
review the excessiveness of an exemplary damages award as a factual sufficiency
challenge.  Maritime Overseas Corporation v. Ellis, 971 S.W.2d 402, 406
(Tex.1998).   We may only reverse if the
exemplary damages award is so against the great weight and preponderance of the
evidence as to be manifestly unjust. Transportation
Insurance Company v. Moriel, 879 S.W.2d 10, 30
(Tex.1994).  No set rule or ratio between
actual and exemplary damages exists to determine whether an exemplary damages
award is excessive.  Alamo National Bank v. Kraus, 616
S.W.2d 908, 910 (Tex.1981).  Factors we
consider in determining the reasonableness of an award include: (1) the nature
of the wrong; (2) the character of the conduct involved; (3) the degree of
culpability of the wrongdoer; (4) the situation and sensibilities of the
parties concerned; (5) the extent to which conduct offends a public sense of
justice and impropriety; and (6) the net worth of the defendant. TEX. CIV.
PRAC. & REM. CODE ANN. '
41.011 (Vernon 1997).

Appellant cites the lack of evidence in the record
regarding his net worth in support of his argument.  However, a defendant=s
net worth is only one of the six factors to be considered.   An examination of the circumstances
surrounding the challenged conveyances under 
the remaining five factors indicates that the trial court=s award of exemplary damages was not
excessive.  The victim of the fraud was
an elderly man who was unable to read because of poor vision.  The perpetrator of the fraud was the victim=s son. As a result of the conveyances,
the son received property worth approximately $90,000.00 for very little
tangible consideration.  The amount of
exemplary damages awarded by the trial court is reasonable when compared to the
value of the property procured by fraud. 
Appellant=s third
issue is overruled.

The judgment of the trial court is affirmed.

 

W. G. ARNOT, III

CHIEF JUSTICE

 

October 21, 2004

Not designated for publication. 
See TEX.R.APP.P.
47.2(a).

Panel
consists of:  Arnot,
C.J., and 

Wright,
J., and McCall, J.











     [1]Appellant
is pro se in this appeal.  He was also
pro se at trial.