In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-070 CV


____________________



TXI OPERATIONS, L.P., Appellant



V.



DAVID PERRY, Appellee






On Appeal from the 253rd Judicial District Court


Liberty County, Texas


Trial Court Cause No. 60,123






MEMORANDUM OPINION


 David Perry sued TXI Operations, L.P. for personal injuries he sustained while
operating a truck on premises owned by TXI. The jury found in favor of Perry. On
appeal, TXI argues the issue of negligence should not have been submitted to the jury
because the evidence conclusively established TXI discharged its duty to Perry by posting
a speed limit sign.


 Perry worked as a truck driver for Campbell Ready Mix. Part of Perry's duties
involved retrieving loads of sand from Dolen Sand Pit. To reach Dolen Sand Pit, Perry
had to use a road owned and maintained by TXI. TXI posted a speed limit sign of fifteen
miles per hour at the area in question. Perry drove his truck over a large hole in the road,
and his head struck the roof of his truck. He was traveling between ten and fifteen miles
per hour. When asked whether he was familiar "with the way those holes would work on
that road[,]" Perry stated he was. Dr. Vladimir Redko testified he had diagnosed Perry
with whiplash syndrome, neuralgia, and lumbar strain, and he testified Perry would suffer
pain for the rest of his life. Dr. Gwenevere Williams diagnosed Perry with cervical cranial
syndrome, lumbosacral neuroradiculopathy, and lumbago. 

 The jury found Perry was fifty percent responsible and TXI was fifty percent
responsible, and found damages in the amount of $387,477.35. The trial court reduced
the award by Perry's percentage of responsibility, assessed prejudgment interest, and
entered judgment in favor of Perry for $214,808.11. TXI filed a motion for judgment
notwithstanding the verdict or to disregard jury findings. The trial court denied TXI's
motion.

 TXI presents one issue for appellate review, phrased as follows:

 The trial court erred in submitting the issue of negligence to the jury and
overruling TXI's Motion for Judgment Notwithstanding the Verdict because
the evidence established that Appellant TXI had warned Appellee Perry of
the condition of the premises and thus discharged any duty as a matter of
law.


Essentially, appellant says there is no evidence it failed to warn Perry of the hole in the
road, and argues that, in fact, the evidence conclusively establishes it did provide an
adequate warning through the speed limit sign. We understand appellant's issue as a
challenge to the legal sufficiency of the evidence to support the verdict. 

 An appellant attacking the legal sufficiency of an adverse finding as to an issue on
which it did not have the burden of proof must demonstrate there is no evidence to support
the adverse finding. See Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983). In
reviewing no evidence issues, an appellate court must consider all of the evidence in a light
most favorable to the party in whose favor the verdict was rendered, and every reasonable
inference is to be indulged in favor of the jury's verdict. See Formosa Plastics Corp. USA
v. Presidio Eng'rs and Contractors, Inc., 960 S.W.2d 41, 48 (Tex. 1998) (citing Harbin
v. Seale, 461 S.W.2d 591, 592 (Tex. 1970)). "Anything more than a scintilla of evidence
is legally sufficient to support the finding." Id. (citing Continental Coffee Prods. Co. v.
Cazarez, 937 S.W.2d 444, 450 (Tex.1996) and Browning-Ferris, Inc. v. Reyna, 865
S.W.2d 925, 928 (Tex.1993)).

 [W]hen an occupier has actual or constructive knowledge of any condition
on the premises that poses an unreasonable risk of harm to invitees, he has
a duty to take whatever action is reasonably prudent under the circumstances
to reduce or to eliminate the unreasonable risk from that condition. 


Corbin v. Safeway Stores, Inc., 648 S.W.2d 292, 295 (Tex. 1983). The owner must either
adequately warn of a dangerous condition or make the condition safe. See State v.
Williams, 940 S.W.2d 583, 584 (Tex. 1996). 

 TXI concedes Perry was a business invitee and TXI owed him a duty. See Corbin,
648 S.W.2d at 295. (1) TXI does not dispute the hole in the road was a dangerous condition
which it did not repair and TXI does not dispute it owed a duty to warn Perry of the
dangerous condition. On appeal, TXI contends the speed limit sign discharged its duty to
warn Perry. Appellant points to evidence this was not the first time Perry drove over the
road. However, the Supreme Court has said "[a] plaintiff's knowledge, whether it is
derived from a warning or from the facts, even if the facts display the danger openly and
obviously, is a matter that bears upon his own negligence; it should not affect the
defendant's duty." Parker v. Highland Park, Inc., 565 S.W.2d 512, 521 (Tex. 1978). 

 TXI's representative testified a driver could reasonably expect to travel safely if he
adheres to the posted speed. Perry testified he was traveling 10-15 miles per hour at the
time of the accident, yet he was injured by the dangerous condition. It is undisputed TXI
provided no warning of the dangerous condition other than the speed limit sign. There is
sufficient evidence in the record from which the jury could reasonably infer the speed limit
sign did not adequately warn business invitees of the dangerous condition. Appellant's
sole issue is overruled. 

 The judgment of the trial court is affirmed.

 AFFIRMED. 

 PER CURIAM

Submitted on September 2, 2004

Opinion Delivered November 18, 2004

 

Before McKeithen, C.J., Burgess and Gaultney, JJ.

 


 


 


 

 
1. Appellant's brief states: "In the instant case, TXI does not dispute that Perry was
a business invitee, nor whether it owed him a duty in that capacity. The issue brought
forward is whether, as a matter of law, TXI discharged its duty by posting a speed limit
sign warning of the condition of the road."